**Raul Ruiz SALAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53330.**

Court of Criminal Appeals of Texas.

March 16, 1977.

Bart Cox, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., James C. Butts, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for burglary of a habitation where the jury assessed punishment at twenty (20) years.

Briefly, the facts reflect that on June 8, 1975 members of the El Paso City Police Department were on a stakeout at the Ra-

---

mada Inn in that city on a surveillance, waiting for a suspected "drug deal" to transpire. They observed a burglary in process at Room 225 and identified the appellant as the man who entered the room and removed a television set therefrom. The evidence reflects that the room was rented at the time to a woman guest with two or three children who were apparently not present at the time. In the indictment the ownership was alleged in Joel Burns. Burns testified he was general manager of the said Ramada Inn at the time and was "responsible for the hotel and operation of the motel" and that he did not give the appellant permission to enter the room in question or to take anything therefrom.

Appellant advances two grounds of error. He contends the State failed to prove the allegations of ownership in Burns as laid in the indictment, and that there was a fatal variance between the averments of the indictment and the proof offered as to the ownership of the habitation alleged to have been burglarized.

Burglary of a habitation is defined by V.T.C.A., Penal Code, § 30.02, which provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or . . .

"(d) An offense under this section is a felony of the first degree if:

"(1) the premises are a habitation; or . . . ."

V.T.C.A., Penal Code, § 30.01, provides in part:

"In this chapter:

"(1) 'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

"(A) each separately secured or occupied portion of the structure or vehicle; and

"(B) each structure appurtenant to or connected with the structure or vehicle. . . . ."

In the Practice Commentary to V.T.C.A., Penal Code, § 30.02, it is written:

" 'Habitation' is broader than 'building' in that it includes vehicles that are 'adapted for the overnight accommodation of persons,' Section 30.01(1). 'Habitation' also includes garages and other outbuildings, Section 30.01(1)(B), and 'separately secured and occupied portions' of a habitation, to cover those who, while legally in an apartment building or hotel, for example, enter another's room, Section 30.01(1)(A)."

In *Jones v. State,* 532 S.W.2d 596, 600 (Tex.Cr.App.1976), it was observed that "habitation" was meant to be broader than "private residence," as used in Article 1391, Vernon's Ann.P.C., 1925.

V.T.C.A., Penal Code, § 1.07(a)(24), provides:

" 'Owner' means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor."

V.T.C.A., Penal Code, § 1.07(a)(28), provides:

" 'Possession' means actual care, custody, control, or management."

Article 21.08, Vernon's Ann.C.C.P. (Allegation of ownership), provides in part:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. . . . ."

It is clear that now, as in the past, ownership does not merely involve the title interest to property. See *Ex parte Davis,* 542 S.W.2d 192 (Tex.Cr.App.1976). From our study, it appears the Legislature has attempted to avoid evidentiary problems that arise at trial where the title interest of real property may be in one person or corporation, the management and control may be in another person, while a third person may have actual possession under a lease or rental contract.

The question before us then is whether it was proper to allege Joel Burns as owner. While it would have been proper to have

alleged the woman renter of the hotel room as the owner, we conclude it was also proper to have alleged Burns, the hotel manager, as the owner. The evidence showed that as manager he had care, custody and management of the entire Ramada Inn, including Room 225, at the time in question, which supports the allegation as to ownership. Putting aside any question of who had the greater right of possession of the room at the time between the renter and the manager, it is also clear that the manager had a greater right of possession of the property than the actor (appellant) and would for this additional reason be an "owner." V.T.C.A., Penal Code, § 1.07(a)(24).

Both of appellant's contentions are overruled.

The judgment is affirmed.