**Raymond B. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60124.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 22, 1980.

Blake Withrow, Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty. and Maridell Templeton, Andy Anderson and Chris Milner, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

The conviction is for theft of property over the value of $200.00 and less than $10,000.00. Two prior convictions were alleged for enhancement purposes. The punishment was assessed at life.

The main contention on appeal is that the evidence is insufficient to support the conviction and that the indictment failed to prove ownership as alleged in the indictment.

 The indictment alleged in substance that appellant knowingly and intentionally appropriated eight sweaters of the total value of $200 but less than $10,000 without the effective consent of Joe Martinez, the owner, with intent to deprive Joe Martinez of the property. Martinez was employed by Titches as a security guard.

The proof shows that appellant was arrested in a Titches store by security guards and that he had in his possession eight sweaters that belonged to Titches.

Appellant admitted that he had two of the sweaters in his possession but he had

stolen some of the other sweaters from another Titches store. He contends that the proof showed that Joe Martinez, the alleged owner, was a security guard and that he could not be the owner.

He relies upon *McGee v. State*, 572 S.W.2d 723 (Tex.Cr.App.1978), and *Commons v. State*, 575 S.W.2d 518 (Tex.Cr.App. 1979).

*Compton v. State*, 607 S.W.2d 246 (1980), on State's motion for rehearing overruled *McGee v. State*, supra, which had held that "greater right to possession" theory applied only where both the owner and the actor had a joint interest in the property.

In the present case, the security guard was hired to protect the property and to keep it from being stolen and he had a greater right to possession of the sweaters by reason of such employment than the appellant who was proved to be the thief. *Commons v. State*, supra, is also overruled.

██ The other contentions that the evidence is insufficient to support the conviction are overruled. There was sufficient evidence to show that the property was taken without the consent of Martinez and that the employee testified that the retail value of the sweaters was over $200. There was no error in refusing to give a charge on circumstantial evidence because the appellant admitted taking two of the sweaters and he was in possession of all the sweaters that belonged to Titches when he was apprehended. The introduction of the sweaters with the price tags thereon was such evidence as would not require a reversal if it could be said there was any error to their admission.

All of the other contentions, including the contention that V.T.C.A., Penal Code, Sec-

tion 12.42(d), the habitual criminal statute, is unconstitutional, are overruled.

The judgment is affirmed.

CLINTON, Judge, dissenting.

Having demonstrated in *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1980), that the "greater right of possession" theory conceived by the majority is without legislative sanction, there is no need to dwell on the point. Suffice it to say that the fiction of law created by the *Compton* majority is so contradictory to actual fact that principles of due process are implicated, e. g., fair notice.

Yesterday in *Compton*, supra, the "owner" was a corporate regional manager;[1] today he is a security guard;[2] tomorrow in *Smallwood v. State*, 607 S.W.2d 911 (Tex. Cr.App.1979), he will be a loading dock worker.[3] Thus, when applied the theory turns into a fairy tale: An accused intends to deprive another of property that is not his—without consent that is not his to give. So much for the mandate to construe provisions of the penal code "according to the fair import of their terms, to promote justice," V.T.C.A. Penal Code, § 1.05(a).

I must and do dissent.

---

1. In that capacity, given his duties and responsibilities and the internal fiscal operations of International Harvester, however, the Court quite properly found that J. Howard Connen was shown to be the "owner" by reason of his possession of the property involved; the "greater right of possession" theory crafted by the majority in Part II of *Compton* is, therefore, pure *obiter dicta*.

2. Joe Martinez, the alleged owner of the purloined sweaters, was merely on duty at the time; one is left to wonder as to the basis for *any* right to possession of the sweaters of Martinez.

3. Albert J. Turegano, alerted by a security guard, attempted to grab the shoplifter fleeing from an Austin department store.