**George Ray ALEXANDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 269–86.

Court of Criminal Appeals of Texas, En Banc.

May 18, 1988.

S. Michael McColloch, David W. Coody, Dallas, for appellant.

Henry Wade, Dist. Atty., and Michael A. Klein, Julius Whittier and Dennis Jones, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction for attempted burglary. The jury, after finding one enhancement paragraph to be true, assessed punishment at fifty years confinement and a ten thousand dollar fine.

On direct appeal, appellant contested the sufficiency of the evidence to support the conviction. Specifically, he contended that the evidence was insufficient as a matter of law to prove ownership of the habitation as alleged in the indictment. The Dallas Court of Appeals, in an unpublished opinion, reversed the conviction, holding that the "greater right to possession" method of proving ownership can only be utilized in cases involving joint victim-defendant ownership or in cases alleging "special" corporate ownership. *Alexander v. State*, No. 05-85-00262-CR (Tex.App.—Dallas, Jan. 13, 1986).

We granted the State's petition for discretionary review on two points. First, we granted to review the Court of Appeals' determination that the "greater right to possession" theory of ownership is applicable only in certain specified cases. *See*, Tex.R.App.Proc., Rule 200(c)(2, 4). Second, we granted to determine whether the Court of Appeals applied the proper standard of review in their assessment of the sufficiency of the evidence. *See*, Tex.R.App.Proc., Rule 200(c)(6). Having reviewed each, we will reverse the judgment of the Court of Appeals on the first point and remand for reassessment of the sufficiency of the evidence in light of our present holding.

The relevant facts may be briefly stated. Conrad Villanueva and Floriberto Bartolla were neighbors in a duplex, each residing in a separate part thereof. Although each was responsible for paying rent only for his part of the duplex, both were sometimes given access to the other's part. Appellant was caught attempting to enter a window attached to the side of the duplex in which Mr. Bartolla resided.

The State's first point of error concerns the ownership allegation contained in the indictment. The instant indictment alleged ownership in Conrad Villanueva, the adjoining duplex neighbor and caretaker of the premises when the resident was away. While the "greater right to possession" theory was not specifically alleged, the State concedes that they sought to prove ownership only under this theory. The Court of Appeals, holding the evidence insufficient as a matter of law, stated, "[t]he Court of Criminal Appeals has made it clear that the 'greater right to possession' theory applies only in cases where both the owner and the defendant had a joint interest in the property or in cases involving allegations of corporate ownership." No direct authority was cited and we find that such a holding belies statutory law and

constitutes a misinterpretation of the opinions of this Court.

 Statutory law runs counter to the lower court's conclusion. A person commits the offense of burglary if, "without the effective consent of the owner," he enters a habitation with the intent to commit a felony or theft. V.T.C.A., Penal Code Sec. 30.02(a). Ownership must be alleged and proven. Art. 21.08, V.A.C.C.P.; *Gilbreath v. State*, 158 Tex.Cr.R. 616, 259 S.W.2d 223, 224 (1953). "Owner" is defined in the general definition section of the Penal Code as:

> a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

V.T.C.A., Penal Code Sec. 1.07(a)(24). "Possession" is defined in this same section as "actual care, custody, control, or management." V.T.C.A., Penal Code Sec. 1.07(a)(28). Ownership of the burglarized premises may be proven in one of three ways: (1) title, (2) possession or (3) a greater right to possession than the defendant. Section 1.07(a)(24), *supra; Compton v. State*, 607 S.W.2d 246, 250 (Tex.Cr.App. 1980) (Opinion on State's Motion for Rehearing). Thus, under the Penal Code, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the "owner".[1] There is nothing in the general definition of "owner" or on the face of the burglary statute which limits this application of the "greater right to possession" theory. *See*, sec. 1.07, *supra;* sec. 30.02, *supra;* V.T.C.A., Penal Code Sec. 31.10; Art. 21.08, V.A.C.C.P.

Further, and directly contrary to the Court of Appeals' assertion, contemporary opinions from this Court do not support the conclusion reached by the lower court. While we have made it clear that the "greater right to possession" method of proof is applicable to cases of joint victim-defendant and corporate ownership, we have not precluded application of this method of proof to other types of ownership. *See, Freeman, supra* at 603–605; *Dingler, supra* at 150 (Opinion on State's Motion for Rehearing); *Compton, supra* at 250–251; *Johnson, supra,* at 896; *Cross v. State,* 590 S.W.2d 510, 511 (Tex.Cr.App.1979); *Salas v. State,* 548 S.W.2d 52, 53 (Tex.Cr.App. 1977); *Ex parte Davis,* 542 S.W.2d 192, 196 (Tex.Cr.App.1976).

The only authority offering any credence to the Court of Appeals' limitation of the "greater right" theory is *McGee v. State,* 572 S.W.2d 723 (Tex.Cr.App.1978), and its progeny, all of which have long since been overruled by *Compton, supra* at 251. In *Compton* we held,

> [t]he McGee interpretation is wrong. By adding the third theory of ownership to the penal code, i.e., greater right to possession, it is clear that the Legislature intended to expand the class of individuals to be protected from theft. [citations omitted]. Though this third theory clearly applies to those persons with joint

---

1. This is what Judge Clinton has consistently referred to as a "legal fiction" when applied to a corporate setting. *See, Freeman v. State,* 707 S.W.2d 597, 606–607 (Tex.Cr.App.1986) (Clinton, J., dissenting); *Dingler v. State,* 705 S.W.2d 144, 148 (Tex.Cr.App.1984) (Clinton, J., concurring); *Compton, supra* at 253–257 (Clinton, J., concurring and dissenting); *Johnson v. State,* 606 S.W.2d 894, 896 (Tex.Cr.App.1980) (Clinton, J., dissenting). For this Court to find that a manager, security guard, cashier, dock loader, supervisor or any other employee of a corporation has a "greater right to possess" items or assets belonging to the corporation has been likened to a "fairy tale," given the reality that the employee has absolutely no right to actually own or possess any of the property belonging to the corporate employer. *See, Johnson, supra* at 896; *Clark v. State,* 726 S.W.2d 120 (Tex.Cr.App.

1986); *Smallwood v. State,* 607 S.W.2d 911 (Tex. Cr.App.1979). *See esp.* the problems presented by this "legal fiction" in *Freeman, supra* at 602–605.

While we acknowledge the validity of this "legal fiction" argument, we point out that such a fiction exists because of the definitions of "owner" and "possession" given to us by the Legislature. Under the Penal Code, to possess is to own, and contrary to one's common conception of ownership, possession is defined as "care, custody, control or management." Art. 1.07(a)(24, 28), *supra.* Thus, a person, while having no rights to actually take property, can legally be deemed to have "ownership" of the property if it is under his care, custody, control or management. While such a conclusion may seem paradoxical, it is the statutory law.

interest in property [citation omitted] it is equally applicable to allegations of corporate ownership.

Thus, it is clear that while *Compton* simply applied the statute to the facts presented—corporate ownership—it in no way excluded application of the third theory of ownership to other factual settings. *Freeman, supra* at 603. In fact, since *Compton,* the third theory of ownership has been approvingly and consistently relied upon in various fact situations. *Freeman, supra; Sharpe v. State,* 648 S.W.2d 705, 707 (Tex.Cr.App. 1983); *Ellett v. State,* 607 S.W.2d 545 (Tex. Cr.App.1980); *Chambers v. State,* 630 S.W. 2d 413 (Tex.App.—Houston [14th Dist.] 1982, no pet.) Thus, we hold that the "greater right to possession" theory of ownership can be utilized in the instant non-joint and non-corporate ownership setting.

Legislative history reinforces this conclusion. The Proposed Penal Code mimicked prior Penal Codes by containing separate and varying definitions of "owner" in each chapter, with each definition specifically applicable to only those offenses contained in that chapter. *Texas Penal Code, A Proposed Revision* (Final Draft, Oct. 1970) West Pub. Co. (hereinafter, Proposed Code). *See,* e.g., Proposed Code, sec. 28.-01(2) (arson), sec. 30.01(2) (trespass), sec. 31.01(6) (theft) and sec. 32.01(2)(fraud). *Also see,* Art. 1415 (theft), P.C. 1925. The Proposed Code defined "owner" in the burglary chapter as "the occupant or, if unoccupied, a person in lawful possession of property." Sec. 30.01(2), Proposed Code, *supra.* Thus, the Proposed Code did not sanction the "greater right to possession" method of proving ownership in a burglary context.

The Legislature, however, ultimately chose not to follow this aspect of the Proposed Code. Instead, they decided to combine the varying definitions of "owner" into a single, universally applicable definition. *See, Compton, supra* at 254–255 (Clinton, J., concurring in part and dissenting in part). Understandably, in order to meet all of the ownership interests protected by each of the property offenses, the single definition had to be constructed in broad terms. This was accomplished by the incorporation of aspects of the various definitions of "owner" which had proven reliable in the past. The "greater right to possession" theory was one of the historical definitions chosen for incorporation.[2]

The Legislature, while constructing the present Penal Code, had before it the Proposed Code's historical example of a narrowly drawn definition of "owner" in the burglary context which did not include the "greater right to possession" theory. They chose to disregard this definition in favor of a single, general definition which incorporated the "greater right" theory and was unlimited in application. Thus emerged our present definition of "owner" in its contemplatedly general and unrestricted form. Section 1.07(a)(24) implicitly autho-

---

**2.** The roots of the "greater right to possession" theory of ownership can be traced as far back as 1857, under the original theft statute of the Old Code which read,

> If the person accused of theft be part owner of the property, the taking does not come within the definition of theft unless the person from whom it is taken be wholly entitled to the possession at the time.

Art. 752, O.C., 1857, and all revisions through Art. 1417, P.C.1925 (all reading verbatum as above). *See and compare,* Sec. 31.10, *supra.* This statute was applied in *Fairy v. State,* 18 Tex.App. 314 (1885) to reverse the theft conviction of a defendant, who had a vested ¾ interest in the property, which he took from the victim, who had purchased the property from the other ¼ vested interest owner. The Court stated, "[t]he defendant has as good, if not a better, right to the possession than [the victim] had."

Thus, while initially used to exculpate rather than inculpate the defendant, the "greater right" theory was created to address a situation where the defendant had at least a possessory interest in the property he allegedly stole. *See,* 5 Branch's Ann.Penal Code, 2nd Ed., Art. 1417, Sec. 2692, p. 138.

Based upon its derivation, there is a strong and valid argument that the "greater right" theory should only apply to that which it was created to address—cases where the defendant has some ownership interest in the property. In fact, this was the argument urged in *McGee, supra* at 725, and overruled in *Compton, supra.* However, regardless of one's views of the limitations imposed by the orientation and historical application of the "greater right" theory, the Legislature has statutorily spoken the final words in Section 1.07(a)(24) of the Penal Code which applies this theory universally.

rizes application of the "greater right to possession" method of proving ownership to all offenses and factual settings. It shall be so applied. The State's first point of error is sustained.

In its second point of error, the State challenges the Court of Appeals' sufficiency analysis. We do not reach this question because the court's analysis was based upon an erroneously restrictive interpretation of ownership. Now that we have made it clear that the "greater right" theory will be utilized in the instant case, we will remand for a reassessment of the sufficiency of the evidence in light of this opinion.

The judgment of the Court of Appeals is reversed and the cause remanded to that court for action consistent with this opinion.

CLINTON, Judge, dissenting.

What the majority still refuses to recognize is that the statutory definition of "owner" ultimately settled on by the Legislature in V.T.C.A.Penal Code, § 1.07(a)(24), is not "a single, universally applicable definition," as characterized in Opinion, at 393. Rather, that definition embraces three distinctly different aspects of "interest in property" the law is "designed to protect," *Ex parte Davis*, 542 S.W.2d 192, at 196 (Tex.Cr.App.1976), *viz:*

one, title to property,

two, possession of property, *or*

three, a greater right to possession of property.[*]

Disjunctively stated, the definition "goes to the scope of interests protected by the law," and reflects legislative recognition and understanding of "the concept that there are many types of possessory interests in property besides ownership in title." *Ex parte Davis*, supra, at 196. It is an "interest in property" that may entitle one to possess it as a matter of right; without some kind of "possessory interest" a person has no "right of possession."

For reasons given in my dissenting opinion in *Compton v. State*, 607 S.W.2d 246,

at 254–257 (Tex.Cr.App.1979), the majority again errs in saying that one may have a "greater right of possession" than another when neither is shown to have a possessory interest cognizable at law in the property in question. See also *Freeman v. State*, 707 S.W.2d 597 (Tex.Cr.App.1986) (Clinton, J., dissenting at 607).

ONION, P.J., joins.

---

[*] All emphasis is mine throughout unless otherwise noted.