Tarr Cty Wat Control v. Cambridge 






NO. 10-90-093-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          TARRANT COUNTY WATER CONTROL AND
          IMPROVEMENT DISTRICT NUMBER ONE,
                                                                                            Appellant
          v.

          CAMBRIDGE ENERGY CORPORATION, D/B/A
          PETROCAN, INC., ET AL,
                                                                                            Appellees

* * * * * * * * * * * * *

 From 13th Judicial District Court
Navarro County, Texas
Trial Court # 220-87

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          By motion Appellant states that an agreed judgment has been entered and the case has been
settled and moves that the appeal be dismissed.
          The motion is granted and the appeal is dismissed.
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings and 
          Justice Vance
Dismissed
Opinion delivered and filed April 4, 1991
Do not publish



line-height: 0.444444in">                                                                                                                
     A jury found Joseph Walter Davis guilty of burglary of a habitation and sentenced him to
thirteen (13) years’ imprisonment. Davis argues that the evidence is legally and factually
insufficient to support his conviction because: 1) the State failed to prove that the complainant was
the “owner” of the habitation; and 2) the eyewitness identification of Davis as the person who
entered the apartment was not credible.
Background Facts
      Shauntel Thomas was in the process of moving out of her apartment and separating from her
husband. Davis helped Thomas and her husband move some furniture and they paid him with a
used sofa for his efforts. Thomas testified that she left behind a television and microwave for her
husband to use until he moved out a few days later, when she planned to retrieve them. She also
stated that the door to the apartment was broken, forcing the Thomases to regularly lock the inside
deadbolt on the door and climb out of the apartment window when leaving. A neighbor, Stephanie
Collins, saw Davis climbing out of the apartment window with a television two nights later. When
Thomas arrived at the apartment on the night of the burglary, the television and microwave were
missing. The police confirmed that entry was gained through the window. Collins later identified
Davis in a line-up for police.
      At trial, Davis admitted helping move the furniture, but denied taking the television and
microwave from the apartment. Davis testified that he was at his mother’s home on the night of
the burglary.
Standards of Review
      In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996); Quinton v. State, 56 S.W.3d 633, 641 (Tex. App.—Waco 2001, no pet.).
      In reviewing a challenge to the factual sufficiency of the evidence, we must view all the
evidence without the prism of the “in the light most favorable to the prosecution” construct. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Perkins v. State, 19 S.W.3d 854,
855 (Tex. App.—Waco 2000, pet. ref’d). This Court “asks whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App.
2001).
“Owner” of the Apartment
      In his first two points, Davis argues that the evidence is legally and factually insufficient to
support the conviction because the State failed to prove Thomas owned the apartment at the time
of the burglary.
      A person commits the offense of burglary if, “without the effective consent of the owner,”
he enters a habitation with the intent to commit a felony or theft. See Tex. Pen. Code § 30.02(a)
(Vernon Supp. 2002). “Owner” is defined in the general definition section of the Penal Code as
a person who “has title to the property, possession of the property, whether lawful or not, or a
greater right to possession of the property than the actor.” See Tex. Pen. Code § 1.07(35)(A)
(Vernon 1994). Ownership must be alleged and proven. See Alexander v. State, 753 S.W.2d 390,
392 (Tex. Crim. App. 1988). “Possession” is defined in this same section as “actual care,
custody, control, or management.” See Tex. Pen. Code § 1.07(39) (Vernon 1994). Thus, under
the Penal Code, any person who has a greater right to the actual care, custody, control, or
management of the property than the defendant can be alleged as the “owner”. See Alexander,
753 S.W.2d at 392; Gregg v. State, 881 S.W.2d 946, 951-52 (Tex. App.—Corpus Christi 1994,
pet. ref’d).
      The record supports the finding that Thomas, as a tenant, had a greater right to possession
over the apartment than did Davis. Thomas referred to the habitation as “my apartment” and “my
old apartment.” She stated that her property and belongings were still in the apartment, including
the microwave and television she planned to retrieve in the coming days. She also testified that
she and her husband had paid rent through the month of January. Further, she never gave Davis
consent to take the television from the apartment. Finally, Davis himself testified that he was
never given consent to enter the apartment, and he stated that Thomas had a greater right to
possession over that apartment.
      Viewing the evidence in the light most favorable to the verdict, we find the evidence legally
sufficient to support the finding of Thomas as the “owner” of the apartment. See Lane, 933
S.W.2d at 507; Quinton, 56 S.W.3d at 641. Likewise, viewing all the evidence for factual
sufficiency, we do not find that the evidence supporting Thomas as the “owner” of the apartment
is so obviously weak or greatly outweighed by contrary proof. See Johnson, 23 S.W.3d at 11;
Goodman, 66 S.W.3d at 285. Accordingly, points one and two are overruled.
Eyewitness Identification
      In points three and four, Davis argues that the evidence is legally and factually insufficient
to support the conviction because the eyewitness identification was not credible.
      Stephanie Collins lived in the apartment complex and testified that she saw Davis “almost
every day.” On the night of the burglary, Collins saw Davis climbing out of the apartment
window with a television. She testified that she could see Davis’s face; she was positive it was
Davis; and she distinguished Davis’s description from that of Thomas’s husband.
      Davis testified that he was at his mother’s house on the night of the burglary. He claimed that
Collins’s testimony that he climbed out of the window with the television was false.
      In his brief, Davis argues that the State fails to rebut the possibility that Collins was simply
mistaken. However, Davis’s alibi and attack on Collins’s credibility does not render the evidence
factually insufficient. See Townsend v. State, 949 S.W.2d 24, 27-28 (Tex. App. San Antonio
1997, no pet.). As the sole judge of the credibility of the witnesses, the jury was free to accept
or reject any or all of the evidence. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997); Reeves v. State, 969 S.W.2d 471, 479 (Tex. App.—Waco 1998, pet. ref’d). The jury
chose to accept the eyewitness identification testimony of Collins over the alibi testimony offered
by Davis.
      Viewing the evidence in the light most favorable to the verdict, we find the evidence legally
sufficient to support the verdict. See Lane, 933 S.W.2d at 507; Quinton, 56 S.W.3d at 641. 
Likewise, after reviewing all the evidence for factual sufficiency, we do not find the evidence
supporting the eyewitness identification is so obviously weak or greatly outweighed by contrary
proof. See Johnson, 23 S.W.3d at 11; Goodman, 66 S.W.3d at 285. Accordingly, points three
and four are overruled.
      The judgment is affirmed.

                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 28, 2002
Do not publish
[CR25]