TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00243-CR







Guy Walter Roy, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 92-265, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 A jury convicted Guy Walter Roy of the felony of burglary of a building. See Tex.
Penal Code Ann. § 30.02(a)(1) (West 1994). (1) Roy was sentenced to ninety-nine years as a repeat
felony offender. See Tex. Penal Code Ann. § 12.42(b) (West 1994). We will affirm the
conviction. 



THE CONTROVERSY


 The appeal involves the burglary of Durol Western, a manufacturing plant in
Luling, Texas. In September 1992, Durol employed Joey Ygnacio as a night-time security guard
for its manufacturing plant. As Ygnacio patrolled the facility on September 2, 1992, he noticed
an unfamiliar blue Nova automobile in the parking lot. As he approached, Ygnacio saw Roy
leaving the plant through a door that Ygnacio had previously found to be locked. Ygnacio noticed
that Roy carried a red shop bag and a red rag and that he had a screwdriver in his back pocket. 
Roy claimed to be looking for a "Phillip," although Ygnacio knew no one by that name worked
at the plant. After Roy left, Ygnacio discovered that the door from which Roy had left had been
pried open and several tools had been piled by the door. The tools had not been there when
Ygnacio previously checked the building. On this evidence Roy was convicted.



DISCUSSION 


 Roy brings two points of error challenging the legal sufficiency of the evidence
based on the contention that the State failed to prove that (1) Roy entered the building without the
effective consent of the owner and (2) Roy entered the building with the intent to commit theft. (2) 
The standard of review in legal sufficiency of the evidence challenge was set forth in Jackson v.
Virginia, 443 U.S. 307 (1979). After viewing the evidence in a light most favorable to the
prosecution, we must determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Id. at 318-19. No longer will a reviewing
court focus on the existence of "an outstanding reasonable hypothesis inconsistent with the guilt
of the accused," nor will it act as a thirteenth juror. Geesa v. State, 820 S.W.2d 154, 159 (Tex.
Crim. App. 1991). 

 Roy was charged with burglary of a building. The indictment alleged that Roy
"intentionally and knowingly enter[ed] a building and a portion of a building not then open to the
public without the effective consent of Joey Ygnacio, the owner thereof, with the intent to commit
theft." Enhancement counts were also alleged. A person commits burglary if, "without the
effective consent of the owner," he enters a building with the requisite intent to commit theft. 
Tex. Penal Code Ann. § 30.02(a)(1) (West 1994). Ownership of the building is an element of the
offense which must be pled and proved. Alexander v. State, 753 S.W.2d 390, 392 (Tex. Crim.
App. 1988). "Owner" is defined as "a person who has title to the property, possession of the
property, whether lawful or not, or a greater right to possession of the property than the actor." 
Tex. Penal Code Ann. § 1.07(a)(35) (West 1994). The alleged owner must have "possession"
meaning "actual care, custody, control, or management" of the property. Tex. Penal Code Ann.
§ 1.07(a)(39) (West 1994). 

 Ownership may be proved using the "greater right of possession" method. 
Alexander, 753 S.W.2d at 392-94. Thus, anyone "who has a greater right to the actual care,
custody, control, or management of the property than the defendant can be alleged as the owner." 
Davis v. State, 783 S.W.2d 313, 316 (Tex. App.--Corpus Christi 1990, no pet.) (citing Alexander,
753 S.W.2d at 393-94).

 A security guard hired to protect the premises has a greater right to possession than
a stranger. Johnson v. State, 606 S.W.2d 894, 896 (Tex. Crim. App. 1980). However, the State
cannot base its allegation of ownership upon proof of Ygnacio's position alone. It must show that
Ygnacio exercised some degree of care, custody, control, or management. Freeman v. State, 707
S.W.2d 597, 603 (Tex. Crim. App. 1986). Roy asserted no right to possession of the Durol
Western property.

 The indictment alleged ownership of the building in Ygnacio, the security guard
for Durol Western at the time of the burglary. Roy complains the State failed to prove that
Ygnacio had actual care, custody, control or management of the building or tools stacked by the
door. Ygnacio testified that his duties as a security guard included entering all parts of the facility
and checking all doors to make sure they were locked. Durol Western instructed him to ascertain
the license plate number and type of vehicle driven by any intruders found on the premises. At
the time of the incident, Ygnacio was the only Durol Western employee permitted to be at the
plant; Roy had no right to be there.

 Ygnacio's testimony provided sufficient evidence in the record to enable a rational
trier of fact to conclude that he had a greater right of possession of the building than Roy. The
State is not required also to allege and prove that Ygnacio was the owner of the tools in order to
convict Roy of burglary of a building. All that is required is that the defendant enter a building,
without the effective consent of the owner, with the intent to commit a felony or theft. Tex. Penal
Code Ann. § 30.02(a)(1) (West 1994). Roy's point of error is overruled. 

CONCLUSION


 In light of Roy's failure to present any argument whatsoever supporting his second
stated point of error, it is waived. We overrule his first point of error and affirm the conviction.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 8, 1995

Do Not Publish

1. This offense took place before September 1, 1994, and is governed by the law in effect at
the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex.
Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994, have no
relevance to this appeal, the current code is cited throughout this opinion for the sake of
convenience.
2. The State argues that Roy waived any challenge to the sufficiency of the evidence by using
inadequate language in his stated points of error. Point of error one provides: "The trial court
erred in accepting the jury verdict of guilt, because the State failed to prove that appellant entered
the building without the effective consent of the owner." Point of error two states: "The trial
court erred in accepting the jury verdict of guilt, because the State failed to prove that appellant
entered the building with the intent to commit theft." 


 "A point is sufficient if it directs the attention of the appellate court to the error about which
complaint is made." Tex. R. App. P. 74(d). Consequently, we will address Roy's first point of
error complaining that the State failed to prove that Roy entered the building without the effective
consent of the owner, as that issue was briefed by defense counsel. However, counsel presents
no argument, nor does he cite any authority regarding Roy's second stated point of error regarding
intent; thus, this point of error has been waived.