In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-01028-CR

 01-01-01029-CR

____________


FREDDIE L. BENTON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause Nos. 863498, 861511






O P I N I O N

 This appeal derives from two convictions in two separate causes in the trial
court (Trial Cause Nos. 863498 and 861511; and Appeal Cause Nos. 01-01-01028-CR and 01-01-01029-CR, respectively). Because both appeals raise substantially the
same issues, we handle them together on appeal.

 A jury found appellant guilty of two counts of aggravated robbery, found two
enhancement paragraphs true, and assessed punishment at 39 years. The trial court
ordered the sentences to run concurrently. We affirm.

I. Background

 A. Appellate Cause Number 01-01-01028-CR

 On November 25, 2000, Mary Rosencrans worked the night shift at a Mobile
Sunmart. Rosencrans testified that appellant entered the store and attempted to
purchase beer. After Rosencrans told him that she could not sell him the beer,
appellant left. Fifteen minutes later, appellant returned with a female. The female
asked to buy a package of cigarettes and tendered 10 dollars. Rosencrans opened her
register to complete the transaction. When she looked up, appellant was pointing a
gun at her. Appellant demanded the money in the register and the safe, and
Rosencrans complied. After appellant and the female left, Rosencrans called the
police. Later, she positively identified appellant in a photo array. 

 B. Appellate Cause Number 01-01-01029-CR

 On November 5, 2000, Kimberly Orr and Jackie Scagliotta worked as cashiers
at a Texaco. Orr testified that appellant entered the store and went to the back toward
the restrooms, where he remained for about five minutes. During this time, a female
entered the store and asked Orr for assistance locating medication. After helping her,
Orr returned to the register. Id. Appellant approached and asked questions about
cigarettes. Orr turned to obtain cigarettes for appellant. When she turned back
around, he was pointing a revolver at her. He gave Orr a trash bag and ordered her
to fill it with cigarettes and cash. Appellant also demanded Orr's security necklace
and told her not to activate the alarm using the necklace. Orr and Scagliotta
complied. After appellant and the female drove away in a white Chevrolet, Orr
copied down the license plate number. Later, Orr and Scagliotta positively identified
appellant in photo arrays.

 In cause number 01-01-01028-CR, appellant raises four points of error. In
cause number 01-01-01029-CR, appellant raises two points of error. In both causes,
appellant argues in his first and second points of error that the evidence was legally
and factually insufficient to support his conviction for aggravated robbery because
the State failed to prove that the weapon used was a firearm. In cause number 01-01-01028-CR, appellant contends in two additional points of error that the evidence is
legally and factually insufficient to support his conviction because the State did not
prove that appellant had the intent to commit theft or attempted theft of property
belonging to the complainant. 

II. Standards of Review

 In reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict to determine if any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Under the factual
sufficiency standard, we ask "whether a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously weak as
to undermine confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof." King v. State, 29
S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse the fact finder's
determination only if a manifest injustice has occurred. Id.III. Deadly Weapon 

 In both causes, appellant argues in his first point of error that the evidence is
legally insufficient to support appellant's conviction for aggravated robbery. 
Specifically, he argues that the evidence is legally insufficient to prove that the
weapon used against Orr, and later Rosencrans, was a firearm, as alleged in the
indictments.

 The Texas Penal Code provides,

 (a) a person commits [the] offense of [of robbery] if, in the course of
committing theft as defined in Chapter 31 and with intent to obtain or
maintain control over the property he:

 (1) intentionally, knowingly, or recklessly causes bodily injury
to another; or

 (2) intentionally or knowingly threatens or places another in fear
of imminent bodily injury or death.


Tex. Pen. Code Ann. § 29.02 (Vernon 1994). The Code further states,


 (a) a person commits [the] offense [of aggravated robbery] if he
commits robbery as defined in section 29.02, and he:

 (1) causes serious bodily injury to another;

 (2) uses or exhibits a deadly weapon; or

 (3) causes bodily injury to another person or threatens or places
another person in fear of imminent bodily injury or death, if the
other person is:

 (A) 65 years of age or older; or

 (B) a disabled person.


Tex. Pen. Code Ann. § 29.03 (Vernon 1994).

 Rosencrans and Orr both testified that appellant pointed a gun at them. Orr
also testified that appellant's gun looked "real" and appeared to be a revolver. 
Scagliotta, Orr's co-worker during the offense, testified that appellant held a gun as
he instructed them to put the cigarettes in the bag. Testimony using any of the terms,
"gun," "pistol," or "revolver" is sufficient to authorize a jury finding that a deadly
weapon or a firearm was used. Wright v. State, 591 S.W.2d 458, 459 (Tex. Crim.
App. 1979). Accordingly, there is legally sufficient evidence to prove that the
weapon used was a firearm as alleged in the indictments.

 We overrule appellant's first point of error in both causes. 

 In his second point of error in both causes, appellant challenges the factual
sufficiency of the evidence. He argues that the evidence is factually insufficient to
prove that the weapon used against Rosencrans, and later Orr, was a firearm, as
alleged in the indictments. In addition to the evidence that we considered under the
legal sufficiency point of error, we now consider the rest of the evidence. Appellant
did not testify at trial, call any witnesses, or elicit any evidence on cross-examination
to controvert the aforementioned evidence. On appeal, appellant argues that the
record does not show that the police recovered a firearm. Therefore, appellant
contends that the record does not establish that the weapon was a firearm, as opposed
to another type of weapon.

 The jury, as the sole judge of the credibility of the witnesses and the weight to
be given to their testimony, may choose to accept or reject all or any part of the
testimony. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). Although
no weapon was recovered, Orr and Rosencrans both testified that appellant used a
firearm during the robbery. As the sole finder of fact, the jury was free to believe this
testimony. Id. We hold that the evidence is factually sufficient to support appellant's
conviction.

 We overrule appellant's second point of error in both causes.

IV. Ownership

 In his third point of error in cause number 01-01-01028-CR, appellant argues
that the evidence is legally insufficient because the State failed to show that appellant
had the intent to commit theft or attempted theft of property belonging to Rosencrans,
as alleged in the indictment. Specifically, appellant contends that the State failed to
prove that Rosencrans owned the stolen property.

 Section 31.03 of the Texas Penal Code states, "A person commits [the] offense
[of theft] if he unlawfully appropriates property with the intent to deprive the owner
of property." Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2002). The Penal Code
defines "owner" as a person having "title to the property, possession of the property,
whether lawful or not, or a greater right to the possession of the property than the
actor." Tex. Pen. Code Ann. § 1.07 (35)(A) (Vernon 1994) (emphasis added). 
Possession is defined as the "actual care, custody, control, or management" over the
property. Id. at § 1.07(39). Thus, under the Penal Code, any person who has a
greater right to the actual care, custody, control or management of the property than
the defendant can be alleged as the owner. Alexander v. State, 753 S.W.2d 390, 392
(Tex. Crim. App. 1988). The "greater right to possession" method of proving
ownership can apply to all offenses and factual settings. Id. at 392-93. In a robbery
prosecution, a store employee has a greater right to possession of goods than does a
thief. Caldwell v. State, 672 S.W.2d 244, 246 (Tex. App.--Waco 1983, pet. ref'd).

 From her testimony, it is clear that Rosencrans was an employee who had care,
custody, control, and management over the stolen money. As a store employee,
Rosencrans had a greater right to possession of the property than appellant. 
Accordingly, the evidence is legally sufficient to prove that Rosencrans was the
owner of the stolen money.

 We overrule appellant's third point of error in cause number 01-01-01028-CR.

 In his fourth point of error in cause number 01-01-01028-CR, appellant
challenges the factual sufficiency of the evidence because the State failed to show
that appellant had the intent to commit theft or attempted theft of property belonging
to Rosencrans, as alleged in the indictment. Appellant makes the same arguments
here as he did in his legal sufficiency challenge. Because there is no controverting
evidence to Rosencrans's testimony, we hold that the evidence is factually sufficient
to support appellant's conviction. 

 We overrule appellant's fourth point of error in cause number 01-01-01028-CR.

Conclusion

 We affirm the judgment of the trial court.



 Adele Hedges

 Justice


Panel consists of Justices Adele Hedges, Keyes, and Evans (1)

Do not publish. Tex. R. App. P. 47.4
1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.