COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-073-CR

 

 

BILLY CHARLES SMITH                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 367TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








A jury found Appellant Billy Charles Smith guilty
of burglary of a habitation and assessed his punishment at thirty-five years=
confinement.  In two points, Smith
contends that the evidence against him is legally and factually insufficient to
sustain his conviction and that the trial court erred by denying him a jury
instruction on the lesser included offense of theft.  We will affirm.

II. Background

A maintenance man at the Deer Run apartment
complex observed Smith exiting an apartment at a neighboring complex and
transporting items back to a Deer Run apartment.  The tenant of the apartment at the
neighboring complex, Dawnene Sylvester, returned home three hours later to find
her front door ajar and its frame broken. 
Her television, VCR and computer were missing from inside the
apartment.  After discovering these
missing items, Dawnene Sylvester reported the break-in, and the police began
their investigation.

During the investigation, the police located the
stolen property in Smith=s van.  Dawnene Sylvester identified that property as
the same property stolen from her apartment. 
The grand jury returned an indictment against Smith, which stated that
Smith did Aintentionally or knowingly enter
a habitation, without the effective consent of Dawnene Sylvester, the owner
thereof, with intent to commit theft and did attempt to commit and commit
theft.@  At trial, Smith requested a jury instruction
on the lesser included offense of theft, but the trial court denied his
request.  The jury found Smith guilty of
burglary of a habitation and assessed his punishment at thirty-five years=
confinement.








III. Sufficiency of the Evidence

In his first point, Smith
contends that the evidence is legally and factually insufficient to support his
conviction.  The State responds that the
evidence supports the jury=s
verdict because it establishes that Smith 
entered Dawnene Sylvester=s
apartment without her consent.

A. Standard of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at
414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due
deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.

B. Sufficient Evidence to Support Smith=s
Burglary Conviction

As the sole basis for his legal and factual
insufficiency argument, Smith contends that the evidence was insufficient to
prove that he entered the apartment Awithout
the effective consent of the owner.@  Although the indictment charged Smith with
entering the apartment Awithout the effective consent of
Dawnene Sylvester, the owner thereof,@ Smith
argues that Charles Sylvester, Dawnene Sylvester=s
husband at the time of the incident, may have consented to Smith=s entry
into the apartment. 

According to the Texas Penal Code, a person
commits a burglary offense if:

without the
effective consent of the owner, the person: (1) enters a habitation, or a
building (or any portion of a building) not then open to the public, with
intent to commit a felony, theft, or an assault; or .
. . (3) enters a building or habitation and
commits or attempts to commit a felony, theft, or an assault.

 








Tex. Penal Code Ann. ' 30.02
(Vernon 2006).  Under the penal code, Aowner@ means Aa person
who has title to the property, possession of the property, whether lawful or
not, or a greater right to possession of the property than the actor.@  Id.
'
1.07(a)(35)(A) (Vernon 2003).  Possession
means actual care, custody, control, or management.  Id. '
1.07(a)(39).  Thus, under the penal code,
any person who has a greater right to the actual care, custody, control, or
management of the property may be alleged as an owner.  Alexander v. State, 753 S.W.2d 390,
392 (Tex. Crim. App. 1988).

Here, Smith contends that Charles Sylvester, an
alleged co-owner, may have given him consent to enter Dawnene Sylvester=s
apartment.  But a factual and legal
sufficiency review is limited to the facts adduced at trial.  See Eustis v. State, 191 S.W.3d 879,
883 (Tex. App.CHouston [14th Dist.] 2006, pet.
ref=d).  At trial, the jury heard that Dawnene
Sylvester asked Charles Sylvester to leave the apartment, that Charles
Sylvester did leave, that Charles Sylvester no longer lived at the apartment,
that Dawnene Sylvester did not give consent to Smith or anyone else to enter
her apartment, and that the apartment door was broken when she arrived
home.  The jury heard no evidence that
Charles Sylvester gave Smith consent to enter the apartment.  Even if they had, the jury heard no evidence
that Charles Sylvester was a person who had a greater right to the actual care,
custody, control, or management of the apartment than Smith.  See Alexander, 753 S.W.2d at
392.  








After a thorough review of the evidence, viewed
in the light most favorable to the verdict, we hold that a rational trier of
fact could have found beyond a reasonable doubt that Smith lacked consent to
enter Dawnene Sylvester=s apartment.  See Jackson, 443 U.S. at
319.  The evidence is therefore legally
sufficient to support the jury=s
verdict.  See id.  Viewing the evidence in a neutral light,
favoring neither party, we hold that the great weight and preponderance of all
the evidence does not contradict the verdict. 
See Watson, 204 S.W.3d at 414, 417.  The evidence is therefore factually
sufficient to support the jury=s
verdict.  See id.  We overrule Smith=s first
point.

IV. Lesser Included
Offense

In his second point, Smith contends that the
trial court erred by denying him a jury instruction on a lesser included
offense of theft.  The State responds in
part by arguing that the evidence does not support a finding that Smith is
guilty of theft alone. 








        We use a two-pronged test to determine whether a defendant is
entitled to an instruction on a lesser included offense.  Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993); Royster
v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on
reh=g).  First, the lesser included offense must be
included within the proof necessary to establish the offense charged.  Salinas v. State, 163 S.W.3d 734, 741
(Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672-73; Royster,
622 S.W.2d at 446.  Second, some evidence
must exist in the record that would permit a jury to rationally find that if
appellant is guilty, he is guilty only of the lesser offense.  Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446.      

As we held previously, the evidence was both
legally and factually sufficient to show that Smith entered the home without
Dawnene Sylvester=s consent.  The record also demonstrates that Smith
entered the apartment.  Accordingly, even
if theft was included within the proof necessary to establish burglary of a
habitation, the record demonstrated evidence that Smith entered the apartment
and entered it without the owner=s
consent.  Therefore, no evidence exists
that would permit a jury to rationally find that if Smith was guilty, he was
guilty only of theft.  See Salinas,
163 S.W.3d at 741; Rousseau, 855 S.W.2d at 672-73; Royster, 622
S.W.2d at 446.  Because Smith did not
satisfy the first prong of the test, we do not reach the arguments concerning
the second prong.  See Tex. R. App. P. 47.1.  We overrule Smith=s second
point.

V. Conclusion

Having overruled both of Smith=s
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL F:    WALKER, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 8, 2007











[1]See Tex. R. App. P. 47.4.