COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-073-CR

BILLY CHARLES SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury found Appellant Billy Charles Smith guilty of burglary of a habitation and assessed his punishment at thirty-five years’ confinement.  In two points, Smith contends that the evidence against him is legally and factually insufficient to sustain his conviction and that the trial court erred by denying him a jury instruction on the lesser included offense of theft.  We will affirm.

II. Background

A maintenance man at the Deer Run apartment complex observed Smith exiting an apartment at a neighboring complex
 
and transporting items back to a Deer Run apartment.  The tenant of the apartment at the neighboring complex, Dawnene Sylvester, returned home three hours later to find her front door ajar and its frame broken.  Her television, VCR and computer were missing from inside the apartment.  After discovering these missing items, Dawnene Sylvester reported the break-in, and the police began their investigation.

During the investigation, the police located the stolen property in Smith’s van.  Dawnene Sylvester identified that property as the same property stolen from her apartment.  The grand jury returned an indictment against Smith, which stated that Smith did “intentionally or knowingly enter a habitation, without the effective consent of Dawnene Sylvester, the owner thereof, with intent to commit theft and did attempt to commit and commit theft.”  At trial, Smith requested a jury instruction on the lesser included offense of theft, but the trial court denied his request.  The jury found Smith guilty of burglary of a habitation and assessed his punishment at thirty-five years’ confinement.

III. Sufficiency of the Evidence

In his first point, Smith contends that the evidence is legally and factually insufficient to support his conviction.  The State responds that the evidence supports the jury’s verdict because it establishes that Smith  entered Dawnene Sylvester’s apartment without her consent.

A. Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

B. Sufficient Evidence to Support Smith’s Burglary Conviction

As the sole basis for his legal and factual insufficiency argument, Smith contends that the evidence was insufficient to prove that he entered the apartment “without the effective consent of the owner.”  Although the indictment charged Smith with entering the apartment “without the effective consent of Dawnene Sylvester, the owner thereof,” Smith argues that Charles Sylvester,
 Dawnene Sylvester’s husband at the time of the incident, may have consented to Smith’s entry into the apartment. 

According to the Texas Penal Code, a person commits a burglary offense if:

without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or . . . (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code Ann.
 § 30.02 (Vernon 2006).  Under the penal code, “owner” means “a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.”  
Id.
 
§ 1.07(a)(35)(A) (Vernon 2003).  Possession means actual care, custody, control, or management.  
Id.
 § 1.07(a)(39).  Thus, under the penal code, any person who has a greater right to the actual care, custody, control, or management of the property may be alleged as an owner.  
Alexander v. State
, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).

Here, Smith contends that Charles Sylvester, an alleged co-owner, may have given him consent to enter Dawnene Sylvester’s apartment.  But a factual and legal sufficiency review is limited to the facts adduced at trial.  
See Eustis v. State
, 191 S.W.3d 879, 883 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  At trial, the jury heard that Dawnene Sylvester asked Charles Sylvester to leave the apartment, that Charles Sylvester did leave, that Charles Sylvester no longer lived at the apartment, that Dawnene Sylvester did not give consent to Smith or anyone else to enter her apartment, and that the apartment door was broken when she arrived home.  The jury heard no evidence that Charles Sylvester gave Smith consent to enter the apartment.  Even if they had, the jury heard no evidence that Charles Sylvester was a person who had a greater right to the actual care, custody, control, or management of the apartment than Smith.  
See
 
Alexander
, 753 S.W.2d at 392.  

After a thorough review of the evidence, viewed in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Smith lacked consent to enter Dawnene Sylvester’s apartment.  
See
 
Jackson
, 443 U.S. at 319
.  The evidence is therefore legally sufficient to support the jury’s verdict.  
See id.
  Viewing the evidence in a neutral light, favoring neither party, we hold that the great weight and preponderance of all the evidence does not contradict the verdict.  
See Watson
, 204 S.W.3d at 414, 417.
  The evidence is therefore factually sufficient to support the jury’s verdict.  
See id.
  We overrule Smith’s first point.

IV. Lesser Included Offense

In his second point, Smith contends that the trial court erred by denying him a jury instruction on a lesser included offense of theft.  The State responds in part by arguing that the evidence does not support a finding that Smith is guilty of theft alone. 

   
 We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).  First, the lesser included offense must be included within the proof necessary to establish the offense charged.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446. 
 

As we held previously, the evidence was both legally and factually sufficient to show that Smith entered the home without Dawnene Sylvester’s consent.  The record also demonstrates that Smith entered the apartment.  Accordingly, even if theft was
 included within the proof necessary to establish burglary of a habitation, the record demonstrated evidence that Smith entered the apartment and entered it without the owner’s consent.  Therefore, no evidence exists that would permit a jury to rationally find that if Smith was guilty, he was guilty only of theft.  
See Salinas
, 163 S.W.3d at 741
; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.
  Because Smith did not satisfy the first prong of the test, we do not reach the arguments concerning the second prong.  
See 
Tex. R. App. P.
 47.1.  We overrule Smith’s second point.

V. Conclusion

Having overruled both of Smith’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.