**Robert Earl HOUSE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–02–00486–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 17, 2003.

Belinda Johnson Chagnard, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

#### OPINION

J. HARVEY HUDSON, Justice.

Appellant, Robert Earl House, was convicted by a jury of robbery. Appellant pled true to two enhancement paragraphs and the jury assessed appellant's punishment at 70 years' confinement. In four points of error, appellant contends the evidence was legally and factually insufficient to support his conviction. We affirm.

On February 4, 2003, appellant entered Ralston's Liquor Store and demanded money. The store manager, Annie Williams, recognized appellant both as a regular customer and as someone she had gone out with on a few occasions. Williams gave appellant money from the cash register, and appellant ordered her toward the back of the store to retrieve money from the store safe. Williams could not open the safe, but gave appellant a bag of money found near it. Appellant then ordered Williams to go in the bathroom

and count to a hundred or he would shoot her. Williams entered the bathroom and counted until appellant left the store. Williams immediately called police. Two officers, however, were fortuitously driving by the store when they saw appellant come running out of the store. Police chased and subsequently arrested appellant, and Williams identified him as the robber.

A grand jury indicted appellant for robbery. He pled not guilty to the offense, but subsequently pled true to two enhancement paragraphs. The jury convicted appellant and assessed his punishment at 70 years' imprisonment.

### Standard of Review

In evaluating a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Garrett v. State*, 851 S.W.2d 853, 857 (Tex.Crim. App.1993). We will not overturn the verdict unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App.1999). The jury may believe or disbelieve any portion of the witnesses' testimony. *Sharp. v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.1997). Further, we must presume the jury resolved any conflicting inferences on the issue in favor of the prosecution. *Farris v. State*, 819

S.W.2d 490, 495 (Tex.Crim.App.1990), *overruled on other grounds by Riley v. State*, 889 S.W.2d 290 (Tex.Crim.App. 1993). We test the evidence only to see if any reasonable trier of fact could find the elements were established beyond a reasonable doubt. *Jackson*, 443 U.S. at 318, 99 S.Ct. 2781.

When conducting a factual sufficiency review, the verdict is set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State*, 23 S.W.3d 1, 6–7 (Tex.Crim.App.2000). The evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex.App.-Austin 1992, no pet.). We consider the factfinder's weighing of the evidence and can disagree with the factfinder's determination. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). However, we are not free to reweigh the evidence and set aside a verdict merely because a different result is more reasonable. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). We must defer to jury findings and find the evidence factually insufficient "only where necessary to prevent manifest injustice." *Id.*

### Legal and Factual Sufficiency

█ In his first and second issues, appellant argues the evidence is legally and factually insufficient to support the verdict because the State failed to show the complainant was the "owner" of the money, as alleged in the indictment.

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, a person intentionally, knowingly, or recklessly causes bodily injury to another or placed another in fear of imminent bodily injury or death. TEX. PEN.CODE ANN. § 29.02(a) (Vernon 1994). A person com-

mits theft, if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PEN.CODE ANN. § 31.03(a) (Vernon Supp.2003). An "owner" of property means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. TEX. PEN.CODE ANN. § 1.07(35) (Vernon 1994).

Appellant, citing *Freeman v. State*, 707 S.W.2d 597 (Tex.Crim.App.1986), contends Williams's management position alone is insufficient to sustain an ownership allegation absent a showing she exercised some degree of care, custody, control, or management over the property allegedly stolen. In *Freeman*, the defendant worked as a salesclerk for the business entity that owned the stolen merchandise while the alleged "owner" was the security manager employed by the same entity. *Id.* at 600–01. The security manager admitted she did not own the property because she did not have a greater possessory right than the defendant. *Id.* at 601. The court acknowledged the defendant "owned" the property as the term is statutorily defined because she had just as much right, if not more, to the stolen property than the security guard. Nonetheless, the court affirmed the conviction because the defendant exercised "unauthorized" control over the property. *Id.* at 605.

This case is distinguishable from *Freeman.* Williams, although she did not own the store, had managed Ralston's Liquor Store for almost five years and knew all the regular customers. At the time of the robbery, Williams maintained the store alone, was in sole possession of the stolen money, and contacted police immediately after appellant left the store. Finally, Williams, as an employee of the store, had a greater possessory right to possession of the money than appellant. *See Sherlock v.* *State*, 632 S.W.2d 604, 608 (Tex.Crim.App. 1982). Because Williams had sole possession of the stolen property and a greater possessory right to it than appellant, Williams "owned" the money. *See* TEX. PEN.CODE ANN. § 1.07(35) (Vernon 1994). Accordingly, appellant's first and second issues are overruled.

In his third and fourth issues, appellant argues he had consent from the complainant to take the money, and thus, the evidence was legally and factually insufficient to support his conviction. A person commits theft, if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PEN.CODE ANN. § 31.03(a) (Vernon Supp.2003). A person appropriates property unlawfully, if the person takes it without the owner's consent. TEX. PEN.CODE ANN. § 31.03(b)(1) (Vernon Supp.2003).

Appellant testified Williams asked him to rob the store at the end of Super Bowl weekend. According to appellant, they intended to split the money, approximately $4,000, at her mother's house that evening. The scheme did not go as planned because Williams had access to only $200 or $300, and police spotted appellant running out of the store seconds after the robbery. When asked why he ran out of the store instead of walking out and hiding the money under his jacket, appellant said he was not wearing a jacket. The arresting officers, however, testified that appellant was wearing a jacket. Moreover, Williams testified that she never agreed to stage a robbery with appellant and no evidence, other than appellant's testimony, suggested otherwise. In fact, Williams was afraid she would be shot and immediately called police after the robbery.

The jury rejected appellant's version as was its right. *Moore v. State*, 804 S.W.2d 165, 166 (Tex.App.-Houston [14th Dist.] 1991, no pet.) (holding jury is entitled to

accept State's version of the facts and reject appellant's version or reject any of the witnesses' testimony). We find the evidence both legally and factually sufficient to support the jury's verdict. Accordingly, appellant's third and fourth issues are overruled.

The judgment of the trial court is Affirmed.