Affirmed and Opinion filed August 19, 2003
















Affirmed and
Opinion filed August 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00075-CR

____________

 

ALFRED STEPHEN VILLANI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________

 

On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 856,387

 

_________________________________________

 

O P I N I O
N

            Appellant
Alfred Stephen Villani appeals his felony theft
conviction, arguing that:  (1) the
evidence is legally and factually insufficient to prove the complainant’s
ownership of the stolen goods and to prove the value of the goods exceeded
$20,000; (2) the evidence is factually insufficient to prove appellant
unlawfully appropriated the goods; and (3) the trial court erroneously charged
the jury on venue.  We affirm.

 








I.  Factual and Procedural
Background

            Cliff Anderson, a fraud investigator
employed by Intel Corporation, became suspicious of appellant when he
discovered appellant selling Intel Confidential computer processors on an
internet auction site.  Appellant’s activity
drew suspicion because the computer parts were Intel’s intellectual property
and were not intended for sale.  Although
the company loaned its Intel Confidential products to its “high-end” clients,
such as Compaq Computer Corporation, for use in engineering new products, these
items remained the property of Intel and were to be returned to Intel or
destroyed after use.  

            As part of his investigation, Anderson contacted
Lisa McPherson, a security agent at Compaq, who informed Anderson that
appellant had worked at a Compaq facility in the recent past.  Anderson then
contacted appellant, and without disclosing his role at Intel, agreed to
purchase a processor from him.  Anderson told
appellant to deliver the processor to McPherson.  Acting in an undercover role, McPherson
purchased an Intel Confidential Xeon 667 processor from appellant in a mall
parking lot in Harris County.  McPherson was wearing a wire, and after she
confirmed that appellant sold her an Intel Confidential processor, Houston police
arrested appellant at the scene. 
Appellant had five more Intel Confidential Xeon 667 processors and four
Intel Confidential Pentium III 750 processors in his vehicle, which was parked
in the mall parking lot.  

            After appellant’s arrest, police
searched his apartment in Fort Bend County and
discovered 29 Intel Confidential Xeon processors and 29 Intel Confidential
Pentium III 750 processors.[1]  Appellant was charged with the theft of 68
computer processors with a total value in excess of $20,000.  The theft was alleged to have occurred in Harris County.  

            A jury found appellant guilty as
charged.  The trial court assessed
punishment at eight years’ community supervision and imposed a fine of $1,000. 

II.  Issues Presented

            Appellant presents the following
issues for review:

(1)       Is
the evidence factually sufficient to prove appellant unlawfully appropriated
the computer processors? 

(2)       Is
the evidence legally and factually sufficient to prove Anderson (Intel’s fraud
investigator) owned the computer processors found in appellant’s possession?

(3)       Is
the evidence legally and factually sufficient to prove the value of the
computer processors exceeded $20,000?

(4)       Did
the trial court reversibly err by denying appellant’s requested jury
instructions on venue?

 

III.  Legal and Factual
Sufficiency

            In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the trier
of fact, “is the sole judge of the credibility of the witnesses and of the
strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  If any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt, we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  The question is not whether a rational jury
could have entertained a reasonable doubt of guilt, but whether it necessarily
would have done so.  Swearingen v. State, 101 S.W.3d 89, 96 (Tex. Crim. App. 2003).

            When evaluating a challenge
to the factual sufficiency of the evidence, we view all the evidence without
the prism of “in the light most favorable to the prosecution” and set aside the
verdict only if it is “so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.”  Johnson v. State, 23 S.W.3d 1, 6–7 (Tex. Crim. App. 2000). 
This concept embraces both “formulations utilized in civil
jurisprudence, i.e., that evidence can be factually insufficient if (1) it is
so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding
is against the great weight and preponderance of the available evidence.”  Id. at
11.  Under this formulation, we
essentially compare the evidence which tends to prove the existence of a fact
with the evidence that tends to disprove that fact.  Jones v.
State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).  We must employ appropriate
deference so that we do not substitute our judgment for that of the fact
finder.  Id. at
648.  Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility
given to any witness’s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  In
conducting a factual-sufficiency review, we must consider and address the
appellant’s main argument for a finding of insufficiency.  Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
This practice benefits the parties, maintains the integrity of the
justice system, and improves appellate practice.  Id.  We find the evidence factually insufficient
only when necessary to prevent manifest injustice.  Cain,
985 S.W.2d at 407.  

            When
reviewing the legal and factual sufficiency of the evidence, the standards of
review are the same for circumstantial and direct evidence.  Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).  Circumstantial evidence alone may be
sufficient to support the jury’s verdict. 
Id. 

A.        Is the evidence factually sufficient to
prove appellant unlawfully appropriated the computer processors? 

 

            In his third issue, appellant argues
the evidence is factually insufficient to prove that he unlawfully appropriated
the computer processors from Compaq’s Houston campus in Harris County.  In support of this issue appellant argues
that: (1) there is no evidence in the record that the processors appellant
possessed were ever located at the Compaq campus; and (2) assuming Compaq
received the processors, there are equally reasonable hypotheses that explain
the removal of the processors from the Compaq campus.

            1.         Is the evidence factually sufficient to
prove the processors were located at Compaq?

            Appellant argues the evidence is
factually insufficient to show the processors were ever located at the Compaq
campus because the evidence does not show the date the processors were shipped
to or arrived there, and because Compaq never reported the processors were
stolen from its facility.  Appellant
emphasizes Anderson’s
testimony that the processors were first shipped to Matt Smith, an Intel
employee at the Houston field
office, and the lack of evidence in the record as to whether Smith delivered
the processors to Compaq.

            Appellant is correct that the record
neither includes dates on which the processors were shipped to or received by
Compaq nor suggests the processors “turned up missing” at Compaq.  However, the State was not required to prove
these facts to show appellant unlawfully appropriated the processors from
Compaq.  

            Theft is the unlawful appropriation
of property with the intent to deprive the owner of the property.  Tex.
Pen. Code § 31.03(a). 
Appropriation of property is unlawful if it is without the owner’s
effective consent or if an actor appropriates stolen property knowing it was
stolen by another.  Tex. Pen. Code § 31.03(b)(1),(2).[2]  Appellant was found in possession of 35 Intel
Confidential Pentium III Xeon 667 processors and 33 Intel Confidential Pentium
III 750 processors.  Anderson testified
that, based on his extensive training and experience, he believed appellant
stole these processors.  Anderson explained
that part of the basis for this belief was the fact that, for both types of
processors in appellant’s possession, all of the processors were from a single
production run and most of the products from the run were shipped to
Compaq.  Although Anderson conceded
it is sometimes possible to legally obtain Intel Confidential products in the
marketplace, he testified it is highly unlikely that someone would legally
obtain so many confidential processors from the same production run.

            Anderson was able
to trace the processors found in appellant’s possession using the serial
numbers on the products.  Anderson testified
the Intel Confidential 750 processors were from a production run in which 498
parts were made, of which 300 were shipped to Compaq.  Anderson determined
the Xeon 667 processors were Intel Confidential processors from a single
manufacturing run in which 177 processors were manufactured at a factory in Malaysia.  Anderson further
testified, without objection, that 170 of the 177 processors from that run were
shipped from Malaysia to
Compaq’s campus in Houston and that
the other seven were shipped to another company in Asia.  When asked about the shipping route of the
170 Xeon processors from Malaysia to Compaq,
Anderson testified
the processors were first shipped to Matt Smith, an Intel employee at a Houston field
office.  In the same response, Anderson attempted
to specify to whom Smith delivered the processors, but the trial court
sustained a hearsay objection defense counsel made in the middle of Anderson’s
sentence, so Anderson did not
testify as to the route of these processors after Smith received them.  Appellant argues that, because the record
does not include evidence as to what Smith did with the processors, the
evidence is factually insufficient to prove the processors were ever received
at Compaq’s campus.  Although the State
did not introduce documentation that directly proved the processors reached the
Compaq campus, Officer Frank Quinn of the Houston Police Department testified
he was sure of the existence of documentation proving Compaq received the
processors.

            The jury is entitled to draw
reasonable inferences from circumstantial evidence to ultimate facts.  See
$165,524.78 v. State, 47 S.W.3d 632, 635 (Tex. App.—Houston [14th
Dist.] 2001, pet. dism’d).  By its verdict, the jury apparently concluded
that the processors appellant possessed were at Compaq’s Houston campus and
that appellant stole them from Compaq. 
Because the jury reasonably could have inferred from the testimony of
both Anderson and Quinn that the processors shipped to Compaq reached the
Compaq campus, we cannot say the jury’s finding to that effect is clearly wrong
and unjust.  Accordingly, we overrule
appellant’s challenge to the factual sufficiency of the evidence to prove the
processors reached Compaq.

            2.         Do
alternative reasonable hypotheses render the evidence factually insufficient to
prove appellant unlawfully appropriated the processors from Compaq?

 

            Appellant further argues that even
if the computers reached Compaq’s Houston campus,
the evidence is factually insufficient to prove he unlawfully appropriated them
from that location because there are equally probable explanations for the
removal of the processors from Compaq’s facility.  Appellant provides two alternative hypotheses
to explain the removal of the processors: (1) appellant may have obtained the
processors from three former Compaq employees who were arrested and charged
with stealing processors from Compaq, rather than stealing the processors from
Compaq himself; and (2) appellant may have purchased the processors from a
legitimate surplus sale.[3]  

            The existence of alternative
reasonable hypotheses may be relevant to, though not necessarily determinative
of, a factual sufficiency review.  See Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). 
Although we may consider alternative hypotheses raised by the evidence,
we may not set aside the jury’s verdict simply because we think another result
is more reasonable.  See House v. State, 105 S.W.3d 182, 183 (Tex. App.—Houston [14th
Dist.] 2003, pet. filed).  Appellant’s
hypotheses are unconvincing and do not account for critical portions of the
evidence which support the jury’s finding that appellant unlawfully
appropriated the processors when he worked at the Compaq campus.

            Anderson concluded the processors
were stolen for four reasons: (1) appellant possessed a large quantity of
processors; (2) the processors in question were Intel Confidential products,
which remained the property of Intel and, as such, were only rarely available
for purchase; (3) appellant was selling the products at prices substantially
lower than their value which suggested appellant obtained the processors
without charge; and (4) the processors were Intel Confidential products and
from production runs that were shipped predominantly to Compaq.  Testimony from appellant’s supervisor at
Compaq and a security agent for Compaq showed appellant had the opportunity to
unlawfully appropriate the processors from Compaq’s Houston facility and that
appellant knew Intel Confidential products were property of Intel. 

            McPherson was an employee of
Pinkerton Security.  Her sole assignment
was to investigate security issues at Compaq. 
At the time of trial, she had been on that assignment for three and a
half years.  She testified that appellant
worked at the Compaq facility as a design coordinator from February of 2000 to
June of 2000.[4]  Appellant’s job was to transport processors
and other computer parts to different design teams that needed them at various
points in the design process.  According
to McPherson, not all divisions within Compaq have access to Intel Confidential
processors, but appellant’s work gave him access to these processors.

            Diane Garrett, appellant’s
supervisor at Compaq, testified that appellant used a cart to transport
computer parts around the Compaq campus. 
Appellant was stationed in an area that allowed him to pass through a
parking garage before and after accessing other buildings on the Compaq campus.  Garrett also testified that appellant had
special security clearance, called a “red badge,” that allowed him to move
materials to and from different areas of Compaq, and to handle prototype
materials, such as the processors. 
Compaq security tracked non-prototype materials when they were moved to
different locations on the Compaq campus; a bar code on the item was scanned
when the item was taken out of one location and then scanned again when the
item was taken into the next location. 
Because Intel Confidential processors are prototype materials, they did
not bear bar codes and could not be scanned. 
According to Garrett’s testimony, whether prototype materials were
manually tracked when moved between locations at Compaq tended to depend on the
individual security guard at the particular location.  Garrett further testified that, as a contract
worker, appellant knew Intel Confidential products were not intended for the
marketplace because they were Intel’s intellectual property and were only
loaned to Compaq for testing purposes. 

            Appellant’s hypotheses, that he
might have obtained the processors at a surplus sale or from three former
Compaq employees, are not supported by the record.  The three former employees were arrested and
indicted in federal court for allegedly stealing processors from Compaq between
1998 and November of 2000, and selling them on the internet.  The processors appellant possessed were
manufactured in late 1999.  This
production date for the processors in question greatly narrows the time frame
in which appellant could have received the processors from the three former
employees.  More significantly, when
Officer Quinn asked appellant how he obtained the processors, appellant said he
obtained them from a stranger on the street whose name he did not know.  This proffered explanation from appellant undermines
the likelihood that he purchased the processors from the three former
employees, and contradicts the hypothesis that appellant obtained the
processors at a surplus sale.  

            Although appellant is correct that Anderson testified
generally that Intel Confidential items were sometimes found at surplus sales
or for sale on the internet, the evidence in the record shows that Intel
Confidential products loaned to Compaq were never legally offered for
sale.  Anderson testified
that Intel had a confidentiality agreement with each company that received
Intel Confidential products and that this form of agreement required a
borrowing company, such as Compaq, to either destroy the Intel Confidential
products or return them to Intel after use. 
The evidence showed Compaq agreed to destroy Intel Confidential products
after Compaq finished using them. 
Garrett testified as to Compaq’s specific, secure procedures to destroy
Intel Confidential products.  She also
testified that Compaq did not auction or otherwise release Intel Confidential
products into the stream of commerce.

            Viewing all of the evidence under
the factual-sufficiency standard of review and considering alternative
hypotheses, we cannot say the jury’s finding that appellant stole the
processors from Compaq is manifestly unjust. 
Accordingly, we overrule the remainder of appellant’s third issue.

B.        Is the evidence legally and factually
sufficient to prove Anderson (Intel’s fraud investigator) owned the processors?


 

            In his
first and second issues, appellant argues the evidence is legally and factually
insufficient to prove Anderson, Intel’s fraud investigator, owned the
processors as is alleged in the indictment. 
When a corporation owns property that allegedly has been stolen, the
preferable pleading practice is to allege ownership in an individual acting for
the corporation rather than alleging ownership in the corporation.  Sowders v. State,
693 S.W.2d 448, 451 (Tex. Crim. App. 1985); Harris v. State, 846 S.W.2d 960, 962
(Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).  Under the Texas Penal Code, Anderson was the
owner of the processors if he had a greater right to possession of the
processors than appellant.  See Tex.
Pen. Code § 1.07(a)(35)(A). 
“Possession” means actual care, custody, control, or management.  Tex.
Pen. Code § 1.07(a)(39). 
Therefore, we must determine whether the evidence is legally and
factually sufficient to support the jury’s finding that Anderson had a
greater right to the actual care, custody, control, or management of the processors
than appellant.  See Alexander v. State, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988). 
Proof of ownership may be made by circumstantial evidence.  Jordan v. State, 707 S.W.2d 641, 644 (Tex. Crim. App. 1986). 

            Appellant maintains there is no
evidence in the record that Anderson ever had a
greater right to possess the processors than appellant.  Appellant emphasizes that Anderson never
testified that he owned the processors and that the only evidence at trial
concerning the right to possess was appellant’s statement, admitted through
Officer Quinn’s testimony, that appellant bought the processors from a stranger
on the street.  

            Contrary to appellant’s arguments,
the record contains sufficient evidence from which a rational jury could have
found beyond a reasonable doubt that Anderson had a
greater right to possess the processors than appellant.  At the time of trial, Anderson had worked
for Intel as a fraud investigator for about eighteen months, managing Intel’s
fraud investigations.  Anderson was qualified
for this position because he had spent the preceding twenty years in law
enforcement and had extensive experience handling property thefts.  According to Anderson, as a
fraud investigator for Intel, he monitored internet auctions for sales of Intel
Confidential products.  Because Intel
Confidential products remained the property of Intel and were governed by
confidentiality agreements prohibiting their sale, Anderson, acting on
behalf of Intel and in furtherance of his duties to the company, retrieved
Intel Confidential products from the marketplace.  Anderson testified
that he worked with law enforcement agencies and Intel’s clients to accomplish
this task.  

            Appellant, on the other hand, was
found in possession of 68 Intel Confidential computer processors that he
claimed to have received from a stranger on the street whose name he did not
know.  The serial numbers showed the
processors were most likely shipped to Compaq, and Compaq’s employees explained
that, given the confidentiality agreements, 
Compaq would not have sold them. 
Appellant possessed the processors outside of the Compaq campus and
outside of the scope of the work he formerly performed there, though he knew
from his training at Compaq that Intel Confidential processors were Intel’s property.


            A rational jury could have concluded
from these facts that Anderson had a
greater right to possess the processors than appellant.  See
Johnson v. State, 606 S.W.2d 894, 895–96 (Tex. Crim.
App. 1980) (holding store security guard who was employed to protect property
and keep it from being stolen had greater right to possess and could be alleged
as owner in the indictment); Rabb v. State, 681
S.W.2d 152, 154 (Tex. App.—Houston [1st Dist.] 1984, pet. ref’d)
(“A person acting on behalf of a corporation, with managerial authority and
responsibility over its goods, is the effective owner. . .”).  Accordingly, after applying the
factual-sufficiency standard of review, we conclude the evidence is factually
sufficient to support the jury’s finding that Anderson had a
greater right to possess the processors than appellant.

            Appellant’s first and second issues
are overruled.

C.        Is the evidence legally and factually
sufficient to prove the value of the property exceeded $20,000, as alleged in
the indictment?

 

            In his fourth and fifth issues,
appellant challenges the legal and factual sufficiency of the evidence to prove
the value of the processors was greater than $20,000.  Although the indictment charged appellant
with the theft of 68 “computer processors,” the jury charge required the jury
to find appellant unlawfully appropriated 68 “Pentium Processors.”  Seizing on this discrepancy in wording,
appellant argues the evidence is legally and factually insufficient  to sustain appellant’s conviction for theft
of property exceeding $20,000 in value because, on appellant’s reading of
Anderson’s testimony, the value of the Pentium processors was only $7,500,
while the value of the Xeon processors was approximately $16,000.[5]

            Appellant’s argument fails because
the sufficiency of the evidence is measured against the hypothetically correct
jury charge, rather than the actual charge. 
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see
also Weyandt v. State, 35 S.W.3d 144, 149 (Tex.
App.—Houston [14th
Dist.] 2000, no pet.) (applying Malik because jury charge did not track allegations in
indictment).  In a legal-sufficiency
review, this standard ensures that a judgment of acquittal is reserved for
those cases in which the State actually fails to prove the crime, rather than
allowing acquittal for mere error in the jury charge submitted.  Malik, 953 S.W.2d at 240. 
The factual sufficiency of the evidence is also measured against the
hypothetically correct jury charge.  Weyandt, 35
S.W.3d at 153; see also Adi v. State, 94 S.W.3d 124, 130 (Tex. App.—Corpus
Christi 2002, pet. ref’d) (applying hypothetically
correct jury charge to factual-sufficiency review and noting Texas Court of
Criminal Appeals has apparently not addressed question of whether Malik applies to
factual-sufficiency review).  The
hypothetically correct jury charge is one that accurately sets forth the law,
is authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict its theories of liability, and
adequately describes the offense for which the defendant was tried.  Malik, 953 S.W.2d at 240.

            The hypothetically correct jury
charge in this case would have required the State to prove that appellant
unlawfully appropriated 68 computer processors, the total value of which
exceeded $20,000.  As noted above,
appellant was arrested after being found in possession of 35 Intel Confidential
Pentium III Xeon 667 processors and 33 Intel Confidential 750 processors.  The processors were admitted in evidence at
trial. According to Anderson’s uncontroverted testimony, the total value of these products
exceeded $20,000.  Because we conclude a
rational trier of fact could have found beyond a
reasonable doubt that the value of the processors exceeded $20,000, we overrule
appellant’s fourth issue.  After applying
the factual-sufficiency standard of review, we conclude the evidence is
factually sufficient to support the jury’s finding in this regard.  Accordingly, we also overrule appellant’s
fifth issue. 

IV. 
Venue

            In his sixth and final issue,
appellant contends the trial court failed to properly charge the jury on venue.[6]  We review alleged charge error by answering
two questions: 

(1) Did error actually exist
in the charge? and 

(2) If so, did sufficient
harm result from the error to require reversal? 


See Tex. Code Crim. Proc. arts.
36.15, 36.19; Posey v. State, 966
S.W.2d 57, 60 (Tex. Crim. App. 1998).  

            The general rule is that venue is
proper in the county in which the offense was committed.  See Tex. Code Crim.
Proc. art. 13.18.  However,
article 13.08 of the Texas Code of Criminal Procedure applies when, as here,
there is evidence that the offender transported the property from one county to
another.  See Tex. Code Crim. Proc. art. 13.08; Stewart v. State, 44 S.W.3d 582, 586–87 (Tex. Crim. App. 2001). 
The theft-specific venue statute states: 

Where property is stolen in one county and removed by the offender to
another county, the offender may be prosecuted either in the county where he
took the property or in any other county through or into which he may have
removed the same.  

Tex. Code Crim. Proc. art.
13.08;

            The jury was free to find appellant
guilty of theft under a theft-by-receiving stolen property theory if the
evidence supported that conclusion.  See Tex.
Pen. Code § 31.03(b)(2). Appellant complains that the jury charge
accurately represented venue only under the theory that appellant stole the
processors from Compaq’s Houston campus, located in Harris County, but was
inaccurate under a theft-by-receiving theory if the jury believed appellant
unlawfully appropriated the processors by receiving them in Fort Bend
County.  See Tex. Pen. Code §
31.03(b)(2).  The essence of appellant’s
complaint is that, because the jury could have believed appellant knowingly
received stolen processors in Fort Bend County, instead of finding he
unlawfully appropriated the processors in Harris County, he was entitled to a
more specific venue instruction.     

            In support of his argument appellant
presents three jury instructions which he requested, but which the trial court
refused to include in its charge:

(a)       If
you the jury find the State did not prove beyond a reasonable doubt that the
defendant received the property in question in Harris County, Texas, you must
find the defendant NOT GUILTY.

(b)       If
you the jury find the State did not prove beyond a reasonable doubt that the
defendant was involved in the theft of the stolen property in Harris County,
Texas, you must find the defendant NOT GUILTY.

(c)       If
you the jury find that the property in question was recovered in Fort Bend
County, Texas, you must find the defendant NOT GUILTY.   

 

The
trial court properly refused to submit these instructions to the jury because
each instruction misstates the law.  See Mutscher v.
State, 514 S.W.2d 905, 926 (Tex. Crim. App.
1974); Pimentel v. State, 710 S.W.2d
764, 769 (Tex. App.—San Antonio 1986, pet. ref’d).  Both proposed instructions (a) and (b) would
have required the State to prove venue beyond a reasonable doubt, when the
State is only required to prove venue by a preponderance of the evidence.  See
Tex. Code Crim.
Proc. art. 13.17; Murphy v. State,
No. 74145, — S.W.3d —, 2003 WL 21461680, at *9 (Tex. Crim. App. Jun. 25,
 2003).  Additionally,
proposed instruction (a) incorrectly makes receipt of the stolen property in Harris County a
necessary condition for a finding of guilt. 
Proposed instruction (b) is also incorrect because the jury could have
found appellant guilty of the lesser-included offense of theft of property
exceeding $1,500 in value, but less than $20,000 in value, if it believed
appellant knowingly received ten stolen processors in Fort Bend County and then
transferred them to Harris County.  See Tex.
Pen. Code § 31.03(e)(4)(A).  As
appellant concedes on appeal, proposed instruction (b) also arguably
constitutes an impermissible comment on the weight of the evidence.  See
Stone v. State, 703 S.W.2d 652, 655 (Tex. Crim.
App. 1986).  Proposed instruction (c) is
incorrect because under the theft-specific venue statute, appellant could have
been found guilty in Harris County for theft
committed in Harris County even if
the stolen items were recovered in Fort Bend County.  See Tex. Code Crim.
Proc. art. 13.08.      To the extent appellant’s proposed jury
instructions were sufficient to apprise the trial court of the complaint he
presents on appeal, we find appellant’s complaint is without merit because the
trial court’s charge on venue was correct. 
It tracked the language of the theft-

 class=Section3>

specific
venue statute.  See Tex. Code Crim. Proc. art. 13.08.  Accordingly, the charge did not allow the
jury to convict appellant unless it found the theft occurred in Harris County or
appellant brought stolen property into Harris County after
unlawfully appropriating it in Fort Bend County.  In the event of the latter, under the charge,
the jury would have found appellant guilty of theft of property exceeding
$1,500 in value, but less than $20,000 in value, because only ten of the
processors were recovered in Harris County. 
See Tex. Pen. Code § 31.03(e)(4)(A).  The jury charge allowed appellant to argue he
was either not guilty, or, if guilty, he was guilty only of knowingly receiving
stolen property worth more than $1,000 but less than $20,000, and removing the
property to Harris County.  The trial
court’s charge did not allow a conviction for the greater offense if the jury
concluded appellant received all of the stolen property in Fort Bend County, knowing
it was stolen, rather than stealing it in Harris County.  Because the court’s jury charge was correct
as to venue, we overrule appellant’s sixth issue. 

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment.

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Opinion filed August 19,
 2003.

Panel
consists of Justices Hudson, Frost, and Guzman.

Publish — Tex. R. App. P. 47.2(b).











            [1]  All references to processors in this opinion
are to Intel Confidential processors.  





            [2]  In his third issue, appellant challenges the
factual sufficiency of the evidence to prove (1) appellant knowingly received
stolen processors in Fort Bend County; and (2)
that he stole the processors from the Compaq campus in Harris County.  Because the jury, by its verdict, found
appellant guilty of theft of the processors based on the latter rather than the
former, we do not reach the issue challenging the sufficiency of the evidence
to show that appellant knowingly received stolen property in Fort Bend County.





            [3]  In addition to these hypotheses, appellant
argues it is unreasonable to conclude appellant stole the processors when he
worked at the Compaq campus because appellant did not begin to sell them until
two months after his term at Compaq ended. 
We find this argument unpersuasive because, even assuming appellant did
not begin selling the processors until two months after the conclusion of his
term at Compaq, this would not make the jury’s verdict clearly wrong and
unjust.  





            [4]  Appellant was not employed by Compaq.  He was employed by a contractor that provided
temporary labor for Compaq.





            [5]  The record shows that the full description of
the Xeon processor found in appellant’s possession is “Intel Confidential
Pentium III Xeon 667” processor.  When Anderson testified
to the value of the processors, he called these processors “Xeon processors”
without saying the word “Pentium.”  Based
on this testimony, and the “Pentium Processors” language in the indictment,
appellant has subtracted the value of the Xeon processors ($414 per Xeon processor)
from the total amount given by Anderson, to
conclude the State failed to prove value in excess of $20,000.





            [6]  We do not address the sufficiency of the
evidence to prove venue because that issue is not before this court.