**Affirmed and Memorandum Opinion filed August 14, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00176-CR

_____

**DESEAN ROMONIQUE BLAKEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1246677**

## MEMORANDUM OPINION

A jury convicted appellant, Desean Romonique Blakeman, of aggravated robbery. In his sole issue, appellant contends the evidence is legally insufficient to support the jury's verdict. We affirm.

# I.  BACKGROUND

On January 2, 2010, "Jane Doe"[1] was employed as a cashier at a restaurant.   Doe and another employee were working at the restaurant when appellant and three other accomplices entered.   Appellant pointed a gun at Doe and demanded money from the cash register; Doe complied.   Appellant then escorted Doe and the other employee to a backroom where a safe and another box containing money were located.   Appellant pointed the gun at Doe and ordered her to open the safe and box.   Doe was unable to open the safe.   Shortly thereafter, appellant and his accomplices left the restaurant.

Appellant was later arrested and indicted for aggravated robbery.   A jury found appellant guilty, and the trial court sentenced him to fourteen years' confinement.

# II.  LEGAL SUFFICIENCY

In his sole issue, appellant contends the evidence is legally insufficient to support the jury's finding that Doe was the owner of the property appellant sought to steal.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt.   *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).   We do not sit as thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence.   *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).   Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts.   *Id.*   This standard applies equally to both circumstantial and direct evidence.   *Id.*   Our duty as reviewing court is to ensure the evidence presented

---

[1] We will use a pseudonym instead of the complainant's actual name.

actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## B.    Analysis

Appellant argues the evidence is legally insufficient because the State failed to prove Doe owned the property appellant sought to steal as alleged in both the indictment and application paragraph of the jury charge. We disagree.

A person commits aggravated robbery, among other methods, if in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon. Tex. Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (West 2011). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. *Id.* § 31.03(a) (West Supp. 2012). "Owner" is defined as a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." *Id.* § 1.07(a)(35)(A) (West Supp. 2012). "Possession" means "actual care, custody, control, or management" of the property. *Id.* § 1.07(a)(39).

> Appellant was charged with aggravated robbery as follows:
>
> [Appellant], on or about January 2, 2010, did then and there unlawfully, while in the course of committing theft of property owned by [Doe] and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place [Doe] in fear of imminent bodily injury and death, and [appellant] did then and there use and exhibit a deadly weapon, to-wit: A FIREARM.

Clearly, Doe—an employee managing the cash register at the time of the robbery—had a greater right to possession of the cash than appellant. *See, e.g.*, *House v. State*, 105 S.W.3d 182, 184 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) ("[Complainant], as an employee of the store, had a greater possessory right to possession of the money [from the cash register] than appellant."). We hold the evidence is legally

sufficient to support the jury's ownership finding.   Appellant's sole issue is overruled.

We affirm the trial court's judgment.

/s/      Charles W. Seymore
          Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[2]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.