COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                                    

                                        NO.
2-05-378-CR

 

 

LONNIE DWAYNE POPE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Lonnie Dwayne Pope appeals his
conviction for burglary of a habitation. 
After a jury found Pope guilty, he pleaded true to three enhancement
allegations.  The jury assessed his
punishment at fifty-six years=
confinement, and the trial court sentenced him accordingly.  In three points, Pope challenges the legal
and factual sufficiency of the evidence supporting his conviction and claims
that the trial court erred by refusing to instruct the jury on two lesser included
offenses.  Because the judgment does not
accurately reflect the jury=s
verdict, we will modify the judgment.  As
modified, we will affirm the trial court=s
judgment.

II.  Background

Richard Simmons lived in a mobile home.  Simmons permitted Rodney Brimhall and Linda
Price to live with him in the mobile home, provided that the two help him out
around the house. 

Simmons and Pope=s wife,
Renee, had been in a long-term relationship with one another before Renee=s
marriage to Pope.  Because the mobile
home was purchased during Simmons=s
relationship with Renee, Renee claimed an ownership interest in the mobile
home.  Although the mobile home=s title
was still under the name of the previous owner, Simmons physically possessed
the title to the home, and Renee acknowledged that the title was not in her
name.








On September 27, 2004, Pope went to Simmons=s mobile
home; Brimhall and Price were inside watching a movie.  Brimhall heard Pope outside the front door
yelling for Simmons.  Brimhall said that
the front door was open when Pope arrived, but said Pope himself shut the door
and then knocked.  Brimhall testified
that Simmons had previously instructed Brimhall not to allow anyone in the
house.  Brimhall opened the door and told
Pope that Simmons was not home, but when Brimhall attempted to shut the door,
Pope announced, ANever mind.  . . . You=re the
SOB that I want -- to talk to.@  Pope then barged through the front door and
began hitting Brimhall.  Simmons,
Brimhall, and Price all testified that they never gave Pope permission to enter
the mobile home that day. 

Both Brimhall and Price testified that after Pope
entered the house, he hit Brimhall in the face, kicked him in the mouth, and
hit him in the forehead with a computer part. 
Price testified that after she ran out to the porch, she saw Pope strike
Brimhall with the computer part two or three times.  When Pope began yelling and coming toward
Price, Price picked up a pipe to defend herself.  But Pope took the pipe from Price and hit her
over the head with it.  Price testified
that when Pope hit her with the pipe it put a Adent@ in her
head and caused her to become sick to her stomach and dizzy to the point she
almost passed out.








Despite the blow to her head, Price was able to
flee to a neighbor=s home and contact law
enforcement.  The Hood County Sheriff=s
Department responded and Deputy James Ray Scroggins testified that when he
arrived at the scene he noticed that both Price and Brimhall had Ahead
injuries,@ and that Brimhall was bleeding
from the head.[2]  The Hood County Sheriff=s
Department ultimately arrested Pope and he was subsequently indicted. 

The indictment charged Pope with entering Simmons=s
habitation without his effective consent and either (1) entering with intent to
commit aggravated assault or (2) entering and attempting to commit or
committing aggravated assault.[3]  The indictment did not specify either a
victim of the aggravated assault or whether Pope caused serious bodily injury
or used or exhibited a deadly weapon. 
Similar to the indictment, the jury charge did not specify a victim of
the aggravated assault.  In contrast to
the indictment, however, the jury charge only charged Pope with the second
alternative method of burglary of a habitationCentering
and attempting to commit or committing aggravated assault, which was defined as
committing assault while using or exhibiting a deadly weapon during the
commission of the assault.  Pope
requested that the jury be charged on the lesser included offenses of criminal
trespass and assault; the trial court refused to include the requested lesser
included offense charges. 








The jury found Pope guilty of burglary of a
habitation as Aalleged in the indictment.@  The State submitted a special issue to the
jury, requesting that the jury find whether Pope used or exhibited a Acomputer
desk top@ as a
deadly weapon.  Despite finding Pope
guilty of the charged crime, the jury found that Pope did not use or exhibit
the Acomputer
desk top@ as a
deadly weapon.  This appeal followed.

III.  Legal and Factual Sufficiency

In his first and second points, Pope contends
that the evidence is legally and factually insufficient to support his
conviction because no evidence exists that he entered the mobile home without
the effective consent of the owner, that he entered with intent to commit
assault, that he used a deadly weapon, or that he actually committed an
assault.

A. 
Sufficiency Standards of Review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the judgment.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








The sufficiency of the evidence should be
measured by the elements of the offense as defined by the hypothetically
correct jury charge for the case.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Bowden v. State,
166 S.W.3d 466, 470 (Tex. App.CFort
Worth 2005, pet. ref=d).  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
restrict the State=s theories of liability, and
adequately describes the particular offense for which the defendant was
tried.  Gollihar v. State, 46
S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.  The law as authorized by the indictment means
the statutory elements of the charged offense as modified by the charging
instrument.  See Curry, 30 S.W.3d
at 404.      

In contrast, when reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@ Johnson,
23 S.W.3d at 8.  Thus, we must give due
deference to the fact-finder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.

B. 
Sufficiency of Evidence    

Section 30.02 of the penal code defines the
offense of burglary.  See Tex. Penal Code Ann. ' 30.02
(Vernon 2003). A person commits the offense of burglary of a habitation Aif,
without the effective consent of the owner, the person (1) enters a habitation
. . . with intent to commit a felony, theft[,] or an assault; or . . . (3)
enters a building or habitation and commits or attempts to commit a felony,
theft, or an assault.@ 
Id. ' 30.02(a)(1), (3).  

1. 
Entry without the effective consent of the owner








There is no dispute that Pope entered the mobile
home.  Conflicting testimony exists
concerning whether the mobile home=s front
door was open when Pope arrived and whether Pope knocked on the door before
entering.  But even if the door was open
and Pope closed the door and knocked on it, as he contends, both Price and
Brimhall testified that when Brimhall subsequently attempted to close the door,
Pope barged through it into the mobile home. 
Simmons, Brimhall, and Price all testified that they never gave Pope
permission to enter the mobile home that day. 
Viewing this evidence under the above articulated standards of review,
legally and factually sufficient evidence exists that Pope entered the mobile
home without the consent of Simmons, Brimhall, or Price.  

Pope nonetheless claims that he possessed the
effective consent of the owner to enter the mobile home because his wife,
Renee, was a co-owner of the mobile home. 
Renee testified that she and Simmons bought the mobile home together
during the course of their prior relationship. 
But she admitted that she had not lived or stayed at the mobile home
during the past three or four years and that the title was not in her
name.  She said that Simmons physically
possessed the mobile home and its title and that he occupied it.  Pope claims that he had implicit consent to
enter the mobile home because Renee was a co-owner.








Under the penal code, Aowner@ means Aa person
who has title to the property, possession of the property, whether lawful or
not, or a greater right to possession of the property than the actor.@  Id. at '
1.07(a)(35)(A) (Vernon 2003).  Possession
means actual care, custody, control, or management. Id. '
1.07(a)(39).  Thus, under the penal code,
any person who has a greater right to the actual care, custody, control, or
management of the property than the defendant may be alleged as owner.  Alexander v. State, 753 S.W.2d 390, 392
(Tex. Crim. App.1988).  Pope presents no
authority, and we have found none, holding that the Aco-ownership@
allegedly possessed by ReneeCwhich
does not involve actual care, custody, or control of the mobile homeCsomehow
confers a greater right of possession to Pope than that possessed by
Simmons.  Because Simmons had a superior
right of possession to the mobile home, Pope=s entry
without Simmons=s effective consent satisfies
the Awithout
the effective consent of the owner@ element
of the offense of burglary.  Tex. Penal Code Ann. '
30.02(a)(1), (3).

2. 
Attempting to commit or did commit aggravated assault








The indictment charged Pope with burglary of a
habitation and attempting or committing aggravated assault.  See id. '
30.02(a).  As pertains to this case, a
person commits an assault if he intentionally, knowingly, or recklessly causes
bodily injury to another.  Id. '
22.01.  A person commits aggravated
assault if the person commits assault as defined in section 22.01 and the
person uses or exhibits a deadly weapon during the commission of the
assault.  Id. '
22.02(a)(2).  To find a person guilty of
criminal attempt, the State must prove that the person (1) had the specific
intent to commit the offense, (2) did an act amounting to more than mere
preparation, and (3) the act tended to effect the commission of the offense
intended.  Id. '
15.01(a); Herrin v. State, 125 S.W.3d 436, 440 n.5 (Tex. Crim. App.
2002).  








Because both the indictment and jury charge
alleged that Pope committed or attempted to commit aggravated assault, we must
determine whether legally and factually sufficient evidence exists that Pope used
or attempted to use a deadly weapon that, in the manner of its use is capable
of causing death or serious bodily injury. 
See Tex. Penal Code Ann.
''
1.07(a)(17)(B), 22.02(a)(2).  Without a
specified victim or a specified deadly weapon in the indictment or jury charge,
legally and factually sufficient evidence showing that Pope used or attempted
to use any object that, in the manner of its use is capable of causing death or
serious bodily injury will suffice to support his conviction.  See Adame v. State, 69 S.W.3d 581, 584
(Tex. Crim. App. 2002) (Meyers, J., concurring).      Here,
the record demonstrates that Pope struck Price over the head with a pipe,
causing her to become dizzy and sick to her stomach, putting a Adent@ in her
head, and causing a Ahead injur[y],@ which
required medical attention.  A deadly
weapon can be anything that in the manner of its use is capable of
causing death or serious bodily injury.  Tex. Penal Code Ann. ' 1.07(a)(17)(B);
Adame, 69 S.W.3d at 584 (Meyers, J., concurring) (noting that an object
may be a deadly weapon by its manner of use). 
If an actor uses or intends to use an object in such a way that the
object is capable of causing death or serious bodily injury, it is a deadly
weapon.  Adame, 69 S.W.3d at 584
(Meyers, J., concurring);  Trevino v.
State, No. 13-02-00353-CR, 2006 WL 1550843, at*27 (Tex. App.CCorpus
Christi June 8, 2006, pet. ref=d)
(Castillo, J., concurring).  In
determining whether an object is a Adeadly
weapon,@ a jury
may consider (1) the physical proximity between the alleged victim and the
object, (2) any threats or words used by the accused, (3) the size and shape of
the object, (4) the potential of the object to inflict death or serious injury,
and (5) the manner in which the accused allegedly used the object.  Adame, 69 S.W.3d at 584 (Meyers, J.,
concurring);  Trevino, 2006 WL
1550843, at *27 (Castillo, J., concurring). 
No one factor is determinative.  Adame,
69 S.W.3d at 584 (Meyers, J., concurring). 
Each case must be examined on its own facts.  Id.








Thus, although the court submitted the special
issue of whether Pope used or exhibited the Acomputer
desk top@ as a
deadly weapon, the State was not required to show that Pope actually used the Acomputer
desk top,@ or any other weapon, in a
deadly manner or that its use caused serious injury.  See Chavez v. State, No.
08-04-00319-CR, 2006 WL 2516464, at *4 (Tex. App.CEl Paso
Aug. 31, 2006, no pet.) (not designated for publication).  Rather, to establish aggravated assault it
was necessary to show only that Pope intended to use any object in a
manner that had the potential to cause death or serious bodily injury.  See Hill v. State, 913 S.W.2d 581,
590-91 (Tex. Crim. App. 1996) (Baird, J., concurring and dissenting)
(explaining that a telephone cord and a feather could be deadly weapons by
their manner of use).  

Price testified that when Pope began approaching
her, he yelled that he was Agoing to
finish what he started.@ 
Pope then took the ten pound pipe from her hands, began swinging it at
Price, and ultimately struck her over the head with it.  Price testified that it felt like being hit
on the head Awith a ton of rocks,@ and
that she almost passed out.  The State
entered the pipe into evidence so that the jury saw it and had the opportunity
to assess its weight.  Price identified
this exhibit as being that which Pope struck her with.








The physical proximity between Price and the
pipe, Pope=s language that he Awas
going to finish what he started,@ the
size and weight of the pipe, and the actual use of the pipe collectively
constitutes legally and factually sufficient evidence that Pope used or
intended to use an objectCthe pipeCin a
manner that caused or had the potential to cause serious bodily injury.  See  Herrin, 125 S.W.3d at 440 n.5; Hill,
913 S.W.2d at 591 (Baird, J., concurring and dissenting).

Accordingly, viewing all of the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt, including that Pope lacked consent to enter Simmons=s home,
that he intentionally, knowingly, or recklessly assaulted Price, and caused or
attempted to cause bodily injury to Price while using or intending to use a
pipe in a manner that was capable of causing serious bodily injury or
death.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at 693.  Moreover, viewing all the evidence in a
neutral light, favoring neither party, we hold that the evidence is not so weak
that the fact-finder=s determination is clearly wrong
and manifestly unjust, nor does the conflicting evidence so greatly outweigh
the evidence as to render the fact-finder=s
determination manifestly unjust.  Watson, 204 S.W.3d at 414-15, 417.  

3. 
Intent to commit aggravated assault








Also in his second point, Pope claims that there
is no evidence that he entered the mobile home with the intent to commit
aggravated assault.  Because we have held
that the evidence is legally and factually sufficient to establish that Pope
entered the mobile home without effective consent and committed or attempted to
commit the felony of aggravated assault, the State was not required to prove
that he actually entered with the intent to commit aggravated assault.  Compare Tex. Penal Code Ann. '
30.02(a)(1) with ' 30.02(a)(3); see also Chavez,
2006 WL 2516464, at *4. 

4. 
Deadly weapon

Finally, Pope argues that because the jury
refused to specifically find that the Acomputer
desk top@ was
used as a deadly weapon, the evidence is insufficient to support his
conviction.  Pope=s
complaint essentially is that the jury=s
apparently inconsistent verdict is fatal. 
But we previously held that the evidence was sufficient to support the
jury=s
finding that Pope caused or attempted to cause bodily injury to Price while
using or intending to use a pipe in a manner that was capable of causing
serious bodily injury or death.  Having
found that the evidence is sufficient to support Pope=s
conviction, the apparent inconsistency between this evidence and the jury=s
failure to find that Pope used the Acomputer
desk top@ as a
deadly weapon does not require reversal of the judgment.  See Ward, 113 S.W.3d at 523.[4]








We overrule Pope=s first
and second points.

IV.  Lesser Included Offenses

In his third point, Pope contends that the trial
court erred by refusing to instruct the jury on the lesser included offenses of
assault and criminal trespass.

A. 
Standard of Review for Instructions on Lesser Included Offenses

We use a two-pronged test to determine whether a
defendant is entitled to an instruction on a lesser included offense.  Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993); Royster
v. State, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on
reh=g).  First, the lesser included offense must be
included within the proof necessary to establish the offense charged.  Salinas v. State, 163 S.W.3d 734, 741
(Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at 672-73; Royster,
622 S.W.2d at 446.  Second, some evidence
must exist in the record that would permit a jury to rationally find that if
appellant is guilty, he is guilty only of the lesser offense.  Salinas, 163 S.W.3d at 741; Rousseau,
855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446.

B.  No
instruction on assault required








As mentioned above, an individual commits assault
by intentionally, knowingly, or recklessly causing bodily injury to
another.  Tex. Penal Code Ann. '
22.01(a)(1).  An assault is aggravated if
it meets the above definition and is committed while using or exhibiting a
deadly weapon.  Id. '
22.02(a).  Nonetheless, assault is not a
lesser included offense of aggravated assault when the defendant requests a
lesser included offense instruction based on facts not required to establish
the commission of the offense charged.  Irving
v. State, 176 S.W.3d 842, 846 (Tex. Crim. App. 2005).  Here, the State charged Pope with entering
Richard Simmons=s habitat without his effective
consent and attempting to commit or committing aggravated assault.  There is little doubt that the lesser
included offense of assault is within the proof necessary to establish the
offense charged.  Salinas, 163
S.W.3d at 741.  Thus, the first prong of Rousseau
is satisfied.  

In order to meet the second prong of the Rosseau
analysis, there must be some evidence in the record that if guilty, Pope is
only guilty of assault.  The record is
replete with evidence that Pope struck Price in the head with a pipe, that as a
result Price suffered bodily injury, and that the manner of the pipe=s use
was capable of causing serious bodily injury. 
And as previously discussed, evidence exists that Pope entered Simmons=s home
without his effective consent.  Thus, the
record does not reflect that a jury could rationally find that if Pope was
guilty, he was guilty only of assault.  Id.; Rousseau, 855 S.W.2d at
672-73; Royster, 622 S.W.2d at 446. 
Consequently, we hold that the trial court did not err by denying Pope=s
requested instruction on assault.








C.  No
instruction on criminal trespass required

As previously defined, burglary of a habitation
occurs when a person, without the effective consent of the owner, enters a
habitation and commits or attempts to commit an assault.  Tex.
Pen. Code Ann. ' 30.02(a)(3).  A person commits criminal trespass if he
enters or remains on or in property of another without effective consent and
had notice that the entry was forbidden or received notice to depart but failed
to do so.  Id. '
30.05(a). 

There is little doubt that the lesser included
offense of criminal trespass is within the proof necessary to establish the
offense charged.  Stewart v. State,
198 S.W.3d 60, 64 (Tex. App.CFort
Worth 2006, no pet.).  Thus, the first
prong of Rousseau is satisfied. 
The record does not, however, reflect evidence that Pope is guilty only
of criminal trespass.  Salinas,
163 S.W.3d at 741; Rousseau, 855 S.W.2d at 672-73; Royster, 622
S.W.2d at 446.  As mentioned above, the
record contained testimony that not only did Pope enter the home without
Simmons=s
consent, but once inside he struck Price in the head with a pipe.  The record does not reflect that a jury could
rationally find that if Pope was guilty, he was guilty only of criminal
trespass.  Salinas, 163 S.W.3d at
741.  Consequently, we hold that the
trial court did not err by denying Pope=s
requested instruction on criminal trespass. 
We overrule Pope=s third point.








V.  Modification of Judgment

This court has the authority to correct and
modify the trial court=s judgment in order to make the
record speak the truth.  See Asberry
v. State, 813 S.W.2d 526, 529 (Tex. App.CDallas
1991, pet. ref=d).  An appellate court may act sua sponte to
modify incorrect judgments.  See id. at
529-30.  Such authority is not dependent
upon a party=s request or whether a party did
or did not object in the trial court.  See
Tyler v. State, 137 S.W.3d 261, 267-68 (Tex. App.CHouston
[1st Dist.] 2004, no pet.); Asberry, 813 S.W.2d at 529-30.

The trial court=s
judgment erroneously reflects that Pope was convicted of burglary of a
habitation with intent to commit aggravated assault.  Although the indictment charged burglary of a
habitation with the intent to commit aggravated assault or burglary of a
habitation and attempting to or committing aggravated assault, the jury charge
upon which the jury convicted Pope merely charged him with the latter. The
trial court nonetheless listed the offense as burglary of a habitation with
intent to commit aggravated assault.  








In light of the evidence available to this court
and the authority vested in it, we modify the judgment to speak the truth.  See Asberry, 813 S.W.2d at 530.  We modify the judgment to reflect the jury=s
verdict that is authorized by the court=s
charge.  Therefore, we modify the
judgment to reflect that the jury found Pope guilty of burglary of a habitation
and attempting to commit or committing aggravated assault.

 

 

 

VI.  Conclusion

Having overruled Pope=s three
points, on our own motion, we modify the trial court=s
judgment.  See Tex. R. App. P. 43.2(b).  The judgment is modified to reflect that the
jury convicted Pope of burglary of a habitation and attempting to commit or
committing aggravated assault.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:  LIVINGSTON, HOLMAN, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]Deputy Scroggins also
radioed for EMTs, who treated both Price and Brimhall at the scene.





[3]The indictment contained
three counts, but the State later dismissed the other two counts.





[4]See also Hoang v. State, No. 05-03-00543-CR,
2004 WL 1472221, at *2 (Tex. App.CDallas July 1, 2004, no pet.) (not designated for
publication) (holding that A[o]n the issue of guilt or innocence, a deadly
weapon finding has absolutely no bearing and is not required for an aggravated
assault conviction@); Navarro v. State,
No. 03-01-00732-CR, 2002 WL 31258705, at *3 (Tex. App.CAustin Oct. 10, 2002,
pet. ref=d) (not designated for
publication) (same).